Commonwealth *v.* Stokes, Appellant.

412

Argued June 15, 1973. Before WRIGHT, P. J., WAT-
KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and
SPAETH, JJ.

*William K. Sayer,* Assistant Defender, with him
*Thomas C. Carroll* and *Jonathan Miller,* Assistant De-
fenders, and *Vincent J. Ziccardi,* Defender, for appel-
lant.

*Benjamin H. Levintow,* Assistant District Attorney,
with him *Milton M. Stein,* Assistant District Attorney,
*Richard A. Sprague,* First Assistant District Attorney,
and *Arlen Specter,* District Attorney, for Common-
wealth, appellee.

OPINION BY SPAETH, J., November 16, 1973:
Appellant was convicted of carrying a concealed
deadly weapon, playfully or wantonly pointing a fire-

arm, and attempt with intent to kill. Only one of the several issues raised merits discussion: whether there was sufficient proof of a corpus delicti to support the admission of appellant's confession.

At the time of the trial the crime of pointing a firearm was defined as follows: "Whoever playfully or wantonly points or discharges a gun, pistol or other firearm at any other person, is guilty of a misdemeanor . . . ." Act of June 24, 1939, P. L. 872, §716, 18 P.S. §4716 (now repealed). The crime of attempt with intent to kill was defined in relevant part as follows: "Whoever . . . by drawing a trigger or in any other manner, attempts to discharge any kind of loaded arms at any person . . . with intent to commit the crime of murder, although no bodily injury is effected, is guilty of felony [*sic*] . . . ." Act of June 24, 1939, P. L. 872, §711, 18 P.S. §4711 (now repealed).

The testimony may be summarized as follows: When two police officers entered an apartment at the request of the tenant, they observed appellant in the bedroom pointing a rifle at them. As the officers retreated from the apartment, one officer fired a shot. Venturing back in, the officer saw appellant "raising his rifle again." Appellant closed the bedroom door. The officers called for reinforcements, and when these arrived, appellant threw out his rifle and surrendered.

This evidence was sufficient to sustain a conviction of pointing a firearm. However, a conviction of attempt with intent to kill required proof of "drawing a trigger or in any other manner . . . attempt[ing] to discharge" the rifle. This additional proof was supplied by appellant's statement to the police: "The door opened, I saw a gun, and grabbed the rifle. The cop fired twice and I shut the door. He hollered 'Come out' and I did. The gun must have jammed. I could see his hand and when I pulled the trigger, it wouldn't work. I pulled the trigger and worked the pump. It

wouldn't fire." There was no other evidence that appellant attempted to discharge the rifle.

In deciding whether appellant's statement was admissible to prove an attempt with intent to kill the rule to be applied is as follows: "[A]n extrajudicial admission or confession of one accused of crime cannot be received in evidence unless and until the corpus delicti of the crime has first been established by independent proof, and . . . failure to comply with this prerequisite will exclude the admission or confession . . . The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed . . . ." *Commonwealth v. Turza,* 340 Pa. 128, 133-134, 16 A. 2d 401, 404 (1940). The Commonwealth has complied with this rule if it proves beyond a reasonable doubt that some injury or loss has occurred in a manner consistent with the commission of a crime by someone. Upon such proof, the defendant's confession becomes admissible to prove that he was the someone, and that the injury was the result of criminal and not accidental conduct. *Commonwealth v. Rhoads,* 225 Pa. Superior Ct. 208, 310 A.2d 406 (1973) (collecting authority).

In the present case, when the Commonwealth proved that appellant pointed a rifle at the officers, it established (at least *prima facie*) that appellant had committed the crime of pointing a firearm. Appellant's statement thereupon became admissible. It is true that the statement did more than corroborate the proof of the crime of pointing a firearm; by adding the fact that appellant had pulled the trigger, it supplied the additional proof needed to establish that appellant had also committed the crime of attempt with intent to kill. This fact, however, is no reason to exclude the statement. The two crimes charged arose from a single

transaction, and had in common the element of pointing a firearm at someone. Perhaps if the two crimes were distinct, in time or nature or both, the case would be different; whether it would need not be decided. As it is, by proving the crime of pointing a firearm, the Commonwealth provided sufficient protection against "the hasty and unguarded character . . . often attached to confessions," *Commonwealth v. Turza, supra* at 134, 16 A. 2d at 404, to entitle it to offer the confession of attempt with intent to kill.

The judgments of sentence are affirmed.