422 A.2d 196

**COMMONWEALTH of Pennsylvania,**

v.

**William DANIELS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Oct. 31, 1980.

Petition for Allowance of Appeal Denied March 16, 1981.

336

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

On March 21, 1978, appellant was convicted after a non–jury trial of possession of heroin with intent to deliver.[1] He received a sentence of two and one–half to seven years imprisonment and appeals from the Judgment of Sentence.

Appellant broadly alleges that the verdict was "against the evidence." Under this caption, he specifically asserts that the evidence was insufficient to support the verdict, the finder of fact erred on weighing issues of credibility and the trial court erred in receiving his confession absent proof of the corpus delecti by independent evidence.

I. SUFFICIENCY OF THE EVIDENCE

■ It is well settled in Pennsylvania that when the sufficiency of the evidence is challenged, the reviewing court must, after a verdict of guilty, accept as true all of the evidence, direct or circumstantial and all reasonable inferences arising therefrom upon which the trier of fact could have based the verdict. If the evidence and inferences are sufficient as a matter of law to prove guilt beyond a reasonable doubt, the verdict will not be disturbed on review. *Comm. v. Rambo*, 488 Pa. 334, 412 A.2d 535 (1980). *Comm. v. DeCampli*, 243 Pa.Super. 69, 364 A.2d 454 (1976).

■ As noted above, appellant was convicted of possession of heroin with intent to deliver, in violation of 35 P.S. 780–113(a)(30) which prohibits:

Except as authorized by this Act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this Act, or a practitioner not registered or licensed by the appropriate State Board . . .

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. 35 P.S. 780–113(a)(30).

The Commonwealth may prove either actual or constructive possession of the drugs with proof of constructive possession requiring evidence of the defendant's intent and power to control the contraband. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974).

In the instant case, the record reveals that on October 21, 1977 at 4:15 p. m. six police officers went to a boarding house located at 625 Cherry Street, Norristown. They possessed a warrant authorizing a search of the third floor front bedroom of the premises. The face of the warrant indicated that the room was occupied by John and Joan Doe, one of whom was also known as "Drag."

After arriving at the third floor front bedroom, the officers knocked on the door, identified themselves, and announced their purpose. They received no response but heard movement from inside the room. They again knocked on the door and called out. Again receiving no response, they forcibly entered the room.

The officers found appellant along with Joan Harris inside the room. After advising appellant of his *Miranda* rights, they proceeded to search the room finding concealed under a chair cushion thirty–three cellophane packets containing what proved to be heroin. Each packet contained 8.6 milligrams of heroin. In the same location, the officers found another packet later proven to contain one quarter of 21% methamphetamine. The searchers' attention was directed to the location of the drugs by their observation of appellant, whose eyes repeatedly focused on the chair.

Appellant and Ms. Harris were arrested. Appellant was re–advised of his constitutional rights two additional times and signed a police department constitutional rights form.

Appellant then advised the police that he was known as "Drag", and that Ms. Harris was not involved with the drugs which he had purchased in Philadelphia and was selling.

In summary, the search warrant indicated on its face that the room to be searched was occupied by a male and female,

one of whom was known as "Drag." The police, upon their arrival, found appellant, known by his own admission as "Drag" and Ms. Harris in the room. There was no response to the officers' first two attempts to gain entry. Instead, movement was heard from within the apartment. When the search was conducted, the officers were led to the heroin by observing appellant, whose eyes were focused on its place of concealment. The heroin was packaged in identical containers of uniform weight. Finally, appellant admitted ownership of the heroin, ultimately to deliver.

Appellant argues that the Commonwealth failed to prove his actual or constructive possession of the heroin. In support of this position, he cites *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971); *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974); *Commonwealth v. Santana*, 460 Pa. 482, 333 A.2d 876 (1975); and *Commonwealth v. Sungenis*, 223 Pa.Super. 517, 303 A.2d 524 (1973). Appellant's reliance on the above cited cases is inapposite. In the case at bar, unlike any on which appellant relies, the person charged admitted possessing the drugs with intent to deliver.

■ Clearly, if appellant's statements were properly received, the evidence presented and inferences properly drawn therefrom were more than sufficient as a matter of law to support the verdict.

## II.  WEIGHT OF THE EVIDENCE

■ Appellant replies that the trial court erred in accepting the police testimony regarding his confession. Appellant notes that at trial, he vigorously denied making the statements attributed to him by the police. However, it is within the exclusive discretion of the trier of fact to resolve issues of credibility. *Commonwealth v. Murray*, 460 Pa. 605, 334 A.2d 255 (1975). Absent a "manifestly erroneous" result, such a determination will remain undisturbed by appellate review. *Commonwealth v. Garvin*, 448 Pa. 258, 269, 293 A.2d 33, 39 (1972).

## III. CORPUS DELECTI

Appellant finally contends that the trial court erred in receiving his confession without independent proof of the corpus delecti of the offense.

Pennsylvania appellate courts have repeatedly held that corpus delecti consists of the occurrence of injury or loss consistent with commission of a crime by someone. Corpus delecti must be proven prior to admission of a confession. *Commonwealth v. Rhoads*, 225 Pa.Super. 208, 310 A.2d 406 (1973); *Commonwealth v. Steward*, 263 Pa.Super. 191, 397 A.2d 812 (1979). The criminal responsibility of a particular defendant does not form part of the corpus delecti, and may be proven by a confession. *Comm. v. Turza*, 340 Pa. 128, 16 A.2d 401 (1940).

In the instant case, the Commonwealth, by presenting evidence of the room search and the recovery of thirty–three packets of uniformly packaged heroin has established that a crime was committed by someone.[2] The Supreme Court considered a similar corpus delicti question in *Comm. v. Chuing*, 150 Pa.Super. 445, 28 A.2d 710 (1942), which was decided under the Act of July 11, 1917, P.L. 758, as amended *inter alia* by Act of June 22, 1931, P.L. 655 also prohibiting unauthorized possession of a dangerous drug, opium. The court held that the corpus delecti of unlawful possession of opium was established by proof that someone possessed the drug. Defendant was linked to the possession by his confession.

In the instant case, even if it is assumed, arguendo, that the Commonwealth has only established the corpus delecti of possession of a controlled substance [3] as opposed to possession with intent to deliver, the statement was properly

2. Although the Commonwealth did not prove non–licensure as part of the corpus delecti, it should be noted that such proof is not required even to support a guilty verdict unless the defendant comes forward with some evidence of licensure or other authorization. *Comm. v. Sojourner*, 268 Pa.Super. 488, 408 A.2d 1108 (1979).

3. 35 Pa.C.S. 780–113(a)(10).

admitted. In *Commonwealth v. Stokes*, 225 Pa.Super. 411, 415, 311 A.2d 714, 716 (1973), the court enunciated the rationale supporting the corpus delecti rule by noting that:

[T]he Commonwealth provided sufficient protection against 'the hasty and unguarded character. . . . often attached to confessions.'

Citing *Commonwealth v. Turza*, supra, 340 Pa. at 134, 16 A.2d at 404.

In *Stokes* the Commonwealth established the corpus delecti of one of the two offenses charged. The offenses arose from the same transaction and contained a common element. The court held that this was sufficient to allow admission of the defendant's confession to both offenses, since there was independent proof that a crime had been committed by someone.

In the case at bar, the Commonwealth, at the very least, provided the corpus delecti of possession of a controlled substance. Appellant's confession was properly reviewed.

The sentence of the lower court is affirmed.