471 A.2d 490

**COMMONWEALTH of Pennsylvania**

v.

**Richard RIELAND a/k/a Reiland, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 30, 1983.

Filed Jan. 13, 1984.

116

David G. Metinko, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

On July 17, 1981, a jury found appellant, Richard Rieland, guilty of burglary [1], theft by unlawful taking or disposition [2], receiving stolen property [3], and criminal conspiracy [4]. Post-trial motions were filed and denied. On November 10, 1981, appellant was sentenced to two and one-half to five years imprisonment for burglary. Sentence was suspended on the remaining counts. This appeal followed. We affirm.

On appeal, appellant contests only his conspiracy conviction and raises three issues relating thereto.[5] They include:

(1) Did the trial court err in refusing to suppress appellant's confession, when it was given involuntarily?

(2) Did the trial court err in permitting the introduction of appellant's confession without independently establishing the *corpus delicti* of the crime?

(3) Was the evidence insufficient to support the criminal conspiracy conviction?

The first issue was argued at a pre-trial suppression hearing, at trial and in post-verdict motions. Without stating its reasons, the suppression court denied appellant's motion to suppress. Another Common Pleas Court criminal division judge presided at appellant's trial, and allowed the voluntariness question to be submitted to the jury. The two police officers who were interviewing appellant when he incriminated himself testified that appellant was not

1. 18 Pa.C.S.A. § 3502.

2. 18 Pa.C.S.A. § 3921.

3. 18 Pa.C.S.A. § 3925.

4. 18 Pa.C.S.A. § 903.

5. "[T]he courts of this Commonwealth have recognized that the conviction for which a judgment of sentence has been suspended is appealable. *See Commonwealth v. Elias,* 394 Pa. 639, 642, 149 A.2d 53, 55 (1959) (citing cases); *Commonwealth v. Meszaros,* 194 Pa.Super. 462, 466, 168 A.2d 781, 783 (1961); *Commonwealth v. Tluchak,* 166 Pa.Super. 16, 21, 70 A.2d 657, 660 (1950)." *Commonwealth v. Walls,* 303 Pa.Super. 284, 449 A.2d 690 (1982).

coerced into making an inculpatory statement. The jury resolved this question against appellant, obviously believing the officers' testimony. Where a trial court has held a statement to be voluntary, the review on appeal must be limited to a consideration of the testimony of the Commonwealth's witnesses and that portion of the testimony for the appellant which remains uncontradicted. *See Commonwealth v. Smith*, 487 Pa. 626, 410 A.2d 787 (1980). In addition, "[i]t is the province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded the evidence produced." *Commonwealth v. Murray*, 460 Pa. 605, 609, 334 A.2d 255, 257 (1975). In light of the evidence produced at trial, we find no error in the lower court's denial of appellant's motion to suppress.

With regard to the second issue raised by appellant, appellant argues that he should not have been convicted of conspiracy solely on the basis of his inculpatory statement. In Pennsylvania, the extra-judicial admissions or confessions of an accused are sufficient to convict if the *corpus delicti* has been established by independent proof before the extra-judicial statement of the accused is entered into evidence. *See Commonwealth v. Turza*, 340 Pa. 128, 16 A.2d 401 (1940). There are two elements to a *corpus delicti:* (1) that a loss or injury has occurred; (2) that the loss or injury occurred through a criminal agency. *Id.*, 340 Pa. at 134, 16 A.2d at 404. The identity of the party responsible for the act is not an element of the *corpus delicti*. *Commonwealth v. Butts*, 204 Pa.Super. 302, 204 A.2d 481 (1964). The *corpus delicti* may be proved by circumstantial evidence, but that evidence must be "sufficient to convince the jury beyond a reasonable doubt that the crime charged was committed by someone." *Commonwealth v. Lettrich*, 346 Pa. 497, 31 A.2d 155 (1943). This does not mean, however, that the Commonwealth must prove beyond a reasonable doubt that a crime was committed; it is enough for the Commonwealth to prove beyond a

reasonable doubt that the injury or loss is consistent with the crime having been committed. *Commonwealth v. Rhoads*, 225 Pa.Super. 208, 213, 310 A.2d 406, 409 (1973).

■ The court below held that because the *corpus delicti* of the crime of burglary had been established, appellant's confession that he and another man committed the crime, was properly admitted into evidence. Appellant maintains that the trial court erroneously equated the presentation of evidence sufficient to establish the *corpus delicti* of the crime of burglary with that sufficient to establish the *corpus delicti* of the crime of conspiracy. Appellant relies on *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980), for the proposition that independent evidence of a criminal agreement is necessary to establish the *corpus delicti* of conspiracy, before an inculpatory statement can be introduced into evidence. In *Byrd, supra*, the appellant, Haddrick Byrd, had been convicted of second degree murder, robbery and conspiracy. The robbery and conspiracy convictions rested primarily on an inculpatory statement made by appellant to a Commonwealth witness while appellant was incarcerated pending trial on unrelated charges. Mr. Byrd challenged his convictions for robbery and conspiracy on the ground that the *corpus delicti* of neither crime was established prior to the introduction of his inculpatory statement. The Supreme Court rejected this argument, holding that the Commonwealth had produced sufficient independent evidence of both robbery and conspiracy.

In the instant case, appellant would have us interpret *Byrd, supra*, as precluding a conviction for conspiracy, based on a defendant's inculpatory statement, without independent evidence of a criminal agreement. This we cannot do, as *Byrd* is distinguishable on its facts. In *Byrd*, witnesses testified that Byrd and another man had entered a synagogue, stared fixedly at the congregation's safe, left together and returned together minutes later armed with a weapon. Independent evidence also established that one of

the men shot and killed a congregant, and that the two men then fled together. Because of its disposition of the case, the Supreme Court in *Byrd* did not decide the issue presented by appellant in the instant case, that is, whether a defendant can be convicted of the inchoate crime of conspiracy on the basis of his inculpatory statement alone, when the *corpus delicti* of the substantive offense of burglary has been established.

The Commonwealth contends that *Commonwealth v. Stokes*, 225 Pa.Super. 411, 311 A.2d 714 (1973), is dispositive of the instant issue. In *Stokes, supra,* appellant was convicted of carrying a concealed deadly weapon, playfully or wantonly pointing a firearm, and attempt with intent to kill. The testimony at trial was summarized as follows:

"When two police officers entered an apartment at the request of the tenant, they observed appellant in the bedroom pointing a rifle at them. As the officers retreated from the apartment, one officer fired a shot. Venturing back in, the officers saw appellant 'raising his rifle again.' Appellant closed the bedroom door. The officers called for reinforcements, and when these arrived, appellant threw out his rifle and surrendered."

*Id.*, 225 Pa.Superior Ct. at 413, 311 A.2d at 715. Although this testimony constituted sufficient evidence to sustain a conviction of pointing a firearm, "a conviction of attempt with intent to kill required proof of 'drawing a trigger or in any other manner ... attempt[ing] to discharge' the rifle." *Id.* This additional proof was supplied by appellant's inculpatory statement to police. We held that the statement was admissible because the Commonwealth had established the crime of pointing a firearm, and because the two crimes charged arose from a single transaction and had in common the element of pointing a firearm at someone. Our rationale was stated by Judge Spaeth as follows:

"[B]y proving the crime of pointing a firearm, the Commonwealth provided sufficient protection against 'the

hasty and unguarded character ... often attached to confessions', *Commonwealth v. Turza, supra* [340 Pa.] at 134, 16 A.2d at 404, to entitle it to offer the confession of attempt with intent to kill."

*Id.*, 225 Pa.Superior Ct. at 415, 311 A.2d at 716.

We agree with the Commonwealth, and find the reasoning in *Stokes, supra,* persuasive in resolving the question presented herein. The crimes of burglary and conspiracy arose from a common transaction, albeit not exactly a singular transaction as in *Stokes.* In *Byrd, supra,* the Supreme Court specifically noted that "the reason for the *corpus delicti* rule is to prevent conviction where no *crime* has been committed." (Emphasis added) *Byrd, supra,* 490 Pa. at 557 n. 7, 417 A.2d at 180 n. 7. Because the Commonwealth established the *corpus delicti* of the crime of burglary, admission of appellant's statement that he was involved in a criminal conspiracy to effectuate that crime would in no way defeat the purpose of the *corpus delicti* rule. Therefore, we hold that when the *corpus delicti* of burglary is established, an inculpatory statement which proves a criminal conspiracy is admissible despite the absence of independent evidence of the criminal agreement.

■ Appellant's third contention of error, that the evidence was insufficient to support a conviction for criminal conspiracy, is premised on the belief that admission of the inculpatory statement was erroneous. Because of our disposition of the first two issues presented, this contention is meritless.

For the above-stated reasons, judgment of sentence is affirmed.