581 A.2d 645

**COMMONWEALTH of Pennsylvania**

v.

**William DiSABATINO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1990.

Filed Oct. 22, 1990.

1

Rolfe C. Marsh, Media, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Newtown Square, for Com., appellee.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

WIEAND, Judge:

William DiSabatino was tried by jury and was found guilty of possession of a controlled substance, possession of a controlled substance with intent to deliver and possession of drug paraphernalia. Post-trial motions were denied, and DiSabatino was sentenced to serve concurrent terms of imprisonment of not less than three (3) years nor more than ten (10) years for possession of a controlled substance with intent to deliver and of not less than six (6) months nor more than one (1) year for possession of drug paraphernalia. His conviction for possession of a controlled substance was held to merge for purposes of sentencing. On direct appeal, DiSabatino argues that (1) his statements to police admitting that the drugs found in his home were intended for sale should not have been received because the Commonwealth failed to establish the corpus delicti of the crime of possession of a controlled substance with intent to deliver; and (2) in the absence of these statements, which should not have been admitted at trial, the evidence was insufficient to sustain his conviction for possession with intent to deliver. Finding no merit in these contentions, we affirm the judgment of sentence.

The facts upon which appellant was convicted have been stated succinctly in the trial court's post-trial opinion as follows:

On January 8, 1989 a search of the Defendant's residence was conducted by a combined Drug Task Force consisting of Upper Chichester Police and a Detective from the Delaware County Criminal Investigation Divi-

4

sion pursuant to the issuance of a search warrant. Among items seized were a large plastic bag containing twenty (20) smaller bags of PCP, the large bag found in a freezer compartment of the refrigerator in the kitchen of the home. Two (2) packs of cigarette papers were found in the living room and one (1) box of plastic freezer bags were located on the kitchen table.

When the police arrived at the premises, the Defendant was not at home and only his wife was present. The Defendant arrived shortly thereafter and was placed under arrest. The Defendant told the police officers that the contraband was his and that his wife knew nothing of the presence of the drugs in the premises. The Defendant also made several other statements admitting possession of the PCP and [his] intention to deliver the substance to other persons.

■ Appellant's request for a limited review of the evidence to determine its sufficiency to sustain the jury's verdict is inappropriate. "It is well settled ... that in determining the sufficiency of the evidence to support the verdict, we are required to consider all evidence actually received, whether the trial court's rulings on evidence were correct or incorrect." *Commonwealth v. Pankraz,* 382 Pa.Super. 116, 119–120, 554 A.2d 974, 976 (1989). See also: *Commonwealth v. Manhart,* 349 Pa.Super. 552, 556, 503 A.2d 986, 988 (1986); *Commonwealth v. Nelson,* 320 Pa.Super. 488, 494, 467 A.2d 638, 641 (1983); *Commonwealth v. Minnis,* 312 Pa.Super. 53, 55, 458 A.2d 231, 232 (1983). The evidence received by the trial court in this case was that police had discovered twenty (20) plastic bags containing PCP, whose ownership appellant admitted to be for purposes of resale. This evidence was sufficient to sustain the conviction for possession of a controlled substance with intent to deliver.

■ Moreover and in any event, appellant's inculpatory statement was properly received in evidence. It is correct, as appellant contends, that "a criminal conviction may not be based on the extra-judicial confession or admission of the

defendant unless it is corroborated by independent evidence establishing the corpus delicti." *Commonwealth v. Ware,* 459 Pa. 334, 365, 329 A.2d 258, 274 (1974). See also: *Commonwealth v. Smallwood,* 497 Pa. 476, 484, 442 A.2d 222, 225 (1982); *Commonwealth v. May,* 451 Pa. 31, 32, 301 A.2d 368, 369 (1973). Thus, before a defendant's confession or admission may be introduced into evidence, the Commonwealth must offer independent evidence establishing that a crime has in fact been committed. *Commonwealth v. Moore,* 466 Pa. 510, 513, 353 A.2d 808, 809 (1976). See also: *Commonwealth v. Byrd,* 490 Pa. 544, 556, 417 A.2d 173, 179 (1980); *Commonwealth v. Palmer,* 448 Pa. 282, 285–286, 292 A.2d 921, 922 (1972). "The grounds on which the [corpus delicti] rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed. . . ." *Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940). See also: *Commonwealth v. Moore, supra* 466 Pa. at 513–514, 353 A.2d at 809; *Commonwealth v. Ware, supra.*

Appellant argues that the Commonwealth proved a corpus delicti only for the crime of possession of a controlled substance and not for possession with intent to deliver. However, where two crimes are closely related and have arisen out of the same transaction, the establishment of the corpus delicti for one of them is sufficient to permit a receipt of the defendant's admission or confession even though it implicates him in the other crime as well. In *Commonwealth v. Stokes,* 225 Pa.Super. 411, 311 A.2d 714 (1973), the defendant had been charged with the misdemeanor of pointing a firearm at police officers and with attempted murder. At trial, the Commonwealth introduced the defendant's statement that he had pulled the trigger but that the gun had not fired. The defendant argued that this statement should not have been received because the Commonwealth had established the corpus delicti only for the firearms offense and not for attempted murder. The Superior Court rejected this argument, reasoning as follows:

In the present case, when the Commonwealth proved that appellant pointed a rifle at the officers, it established (at least prima facie) that appellant had committed the crime of pointing a firearm. Appellant's statement thereupon became admissible. It is true that the statement did more than corroborate the proof of the crime of pointing a firearm; by adding the fact that appellant had pulled the trigger, it supplied the additional proof needed to establish that appellant had also committed the crime of attempt with intent to kill. This fact, however, is no reason to exclude the statement. The two crimes charged arose from a single transaction, and had in common the element of pointing a firearm at someone. Perhaps if the two crimes were distinct, in time or nature or both, the case would be different; whether it would need not be decided. As it is, by proving the crime of pointing a firearm, the Commonwealth provided sufficient protection against "the hasty and unguarded character ... often attached to confessions", *Commonwealth v. Turza, supra* at 134, 16 A.2d at 404, to entitle it to offer the confession of attempt with intent to kill.

*Commonwealth v. Stokes, supra,* 225 Pa.Super. at 414–415, 311 A.2d at 715–716. See: *Commonwealth v. Rieland,* 324 Pa.Super. 115, 471 A.2d 490 (1984) (defendant's confession to charges of burglary and conspiracy was admissible even though Commonwealth established corpus delicti only for burglary and introduced no independent evidence of criminal agreement); *Commonwealth v. Steward,* 263 Pa.Super. 191, 397 A.2d 812 (1979) (confession of defendant that he shot police officer and intended to rob him was admissible in prosecution for aggravated assault and attempted robbery where Commonwealth established only corpus delicti for aggravated assault, and there was no independent evidence of an attempted robbery).

Thus, the law is that "[w]here a defendant's confession relates to two separate crimes with which he is charged, and where independent evidence establishes the corpus delicti of only one of those crimes, the confession may be

admissible as evidence of the commission of the other crime. This will be the case only where the relationship between the two crimes is sufficiently close to ensure that the policies underlying the corpus delicti rule are not violated." *Commonwealth v. Tessel*, 347 Pa.Super. 37, 46, 500 A.2d 144, 148–149 (1985). In *Tessel*, the Court held that upon proof of the corpus delicti for theft, defendant's confession was admissible as evidence that he had committed not only a theft but also a burglary.

As applied to the instant case, it seems clear that the crimes of possession of a controlled substance and possession with intent to deliver are closely related. Indeed, both share the common element of possession. Inasmuch, therefore, as the charges arose out of the same incident, there was no good reason for excluding appellant's inculpatory statement that he had intended to sell the packaged PCP found in his residence. Once his possession of the drugs had been independently established, there no longer existed a danger that a confession would lead to a conviction where no crime had been committed. Under similar circumstances, the Superior Court reasoned in *Commonwealth v. Daniels*, 281 Pa.Super. 334, 422 A.2d 196 (1980), as follows:

> [T]he Commonwealth, by presenting evidence of the room search and the recovery of thirty-three packets of uniformly packaged heroin has established that a crime was committed by someone.
>
> . . . .
>
> [E]ven if it is assumed, arguendo, that the Commonwealth has only established the corpus delicti of possession of a controlled substance as opposed to possession with intent to deliver, the statement was properly admitted. In *Commonwealth v. Stokes*, 225 Pa.Super. 411, 415, 311 A.2d 714, 716 (1973), the court enunciated the rationale supporting the corpus delicti rule by noting that:
>
>> [T]he Commonwealth provided sufficient protection against 'the hasty and unguarded character .... often attached to confessions.'

Citing *Commonwealth v. Turza*, supra, at 134, 16 A.2d at 404.

In *Stokes* the Commonwealth established the corpus delicti of one of the two offenses charged. The offenses arose from the same transaction and contained a common element. The court held that this was sufficient to allow admission of the defendant's confession to both offenses, since there was independent proof that a crime had been committed by someone.

In the case at bar, the Commonwealth, at the very least, provided the corpus delicti of possession of a controlled substance. Appellant's confession was properly [received].

*Id.* 281 Pa.Super. at 340–341, 422 A.2d at 199 (footnotes omitted).

Appellant argues that despite the close relationship between the crimes of possession and possession with intent to deliver, there exists, under the circumstances present in this case, a substantial danger that he admitted to selling drugs in order to obtain his wife's release from custody, even though the crime of possession with intent to deliver had not been committed. We reject this contention. The purpose of the corpus delicti rule is to guard against a conviction based upon a confession where no crime has been committed. Instantly, the Commonwealth independently established that a crime, possession of a controlled substance, had been committed. Appellant's statement regarding his intention to deliver the controlled substance, under these circumstances, was properly admitted into evidence.

The judgment of sentence is affirmed.