678 A.2d 379

**COMMONWEALTH of Pennsylvania**

v.

**William VERTICELLI, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 26, 1996.

Filed May 31, 1996.

Theodora Gaitas, Asst. Public Defender, Doylestown, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for Commonwealth, appellee.

Before McEWEN, President Judge, CAVANAUGH, J., CIRILLO, President Judge Emeritus, and DEL SOLE, BECK, TAMILIA, POPOVICH, JOHNSON and HUDOCK, JJ.

BECK, Judge:

The issue in this case is whether the Commonwealth satisfied the corpus delicti rule so as to permit the admission of appellant's statements to police. In affirming the judgment of sentence, we consider the rule, its purpose and its impact.

In the late afternoon hours of March 26, 1994, Officer Robert Burkhardt of the New Britain Township police department responded to the radio call of a motorcycle accident. At the scene, Burkhardt observed a motorcycle lying partially on the road and partially on the lawn of a residence. Upon investigation, Burkhardt noticed that the motorcycle was dented and leaking gasoline from a punctured tank. In addition, the mailbox of the residence was knocked from its post to the ground and a nearby telephone pole was damaged. It was apparent that the operator of the motorcycle, who was not on

the scene, had been traveling southbound, crossed the center line of the roadway and struck the mailbox post and the telephone pole on the northbound side of the road.

About thirty minutes later, and after speaking to witnesses at the scene, Burkhardt arrived at appellant's home where he spoke to appellant and his father. In response to the officer's questions, appellant stated that while driving the motorcycle to a bar, he "dumped" it.

While speaking to appellant, Burkhardt noticed that he had a strong odor of alcohol on his breath, slurred speech, bloodshot and glassy eyes and a staggered walk. The officer asked appellant to perform field sobriety coordination tests but appellant refused. Appellant was then arrested and transported to a local hospital where he was informed of the implied consent law and asked to submit to a blood test. This he also refused and, upon his refusal, he was transferred to police headquarters. At headquarters he was uncooperative, irrational and threatening. When appellant asked to meet with a crisis worker, Burkhardt returned him to the hospital where he met briefly with a crisis worker and later was released to the officer's custody.

At appellant's trial for driving under the influence ("DUI"), Officer Burkhardt testified to the events described above, including the admission by appellant that he had been operating the motorcycle at the time of the accident. Defense counsel objected to the admission of appellant's statements on the grounds that the prosecution failed to establish the corpus delicti for DUI independent of appellant's statements.[1] The trial court overruled the objection. Appellant was found guilty and now raises the same issue on direct appeal.

In response to appellant's claim, the Commonwealth argues that admission of the statements was proper for several reasons. First, appellant's statement that he was the operator of the motorcycle was not a confession to the crime of DUI and, therefore, the corpus delicti rule is inapplicable since it

1. Appellant also attempted to have his statements suppressed prior to trial, but was unsuccessful.

26

relates only to a confession made by an accused. Second, assuming the rule applies, appellant's statements were admissible under the "closely related crime" exception to the corpus delicti rule. Third, in the event we do not find that admission of the statements was proper under the exception, public policy requires that we carve out an additional exception to the rule in these types of cases. Our analysis begins with an historical review of the rule.

The corpus delicti rule is a rule of evidence relating to what must be proved by the prosecution at trial. The prosecution cannot make use of a criminal defendant's confession/statement unless it has established that 1) a loss or injury has occurred and 2) such loss or injury is the result of someone's criminality. *Commonwealth v. May*, 451 Pa. 31, 32, 301 A.2d 368 (1973). The corpus delicti, or body of the crime, is the Commonwealth's proof, independent of the defendant's statements, that a crime has in fact occurred.

The rule can be traced back to seventeenth century English law and was first applied in a murder case. The rule arose under the following circumstances. An individual was presumed dead because he or she had disappeared without a trace. Law enforcement personnel would secure a confession from someone who admitted killing the missing person. The confessor was then tried, found guilty and, in some instances, executed for the crime. Sometime later, the purported victim reappeared. Courts then began to question the propriety of a murder conviction based on a defendant's confession obtained in the absence of a dead body. *See generally* Note, *Proof of the Corpus Delicti Aliunde the Defendant's Confession*, 103 U. Pa. L.Rev. 638, 639 (1955) (hereinafter "Note").

Adoption and expansion of the rule in American law appears to be based on a number of factors. One factor is a fear that circumstances such as those described above could occur. The notion that a person may be punished, perhaps even executed, where no crime has been committed, is obviously repulsive to our system of justice. Another factor is a general skepticism of confessions. Confessions can be coerced or made under

duress; they can be misreported; they can be the result of a confessor's misunderstanding of the facts or the law; they also can be false for "purely psychological reasons," such as when the confessor suffers from a mental disorder. *Id.* at 640–44.

Independent proof of the commission of a crime has been perceived as the safest and most equitable route to a conviction. In 1842, Professor Greenleaf characterized the corpus delicti requirement as that which "best accords with the humanity of the criminal code and with the great degree of caution applied in receiving and weighing the evidence of confessions." Greenleaf, Evidence § 217 (1842). In a frequently-quoted case in this Commonwealth, our supreme court stated the basis for the rule:

> The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed.

*Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A.2d 401 (1940).

Other authors have been critical of the broad application of the rule in our system. Professor Wigmore writes:

> The policy of any rule of the sort is questionable. No one doubts the warning which it conveys is a proper one, but it is a warning which can be given with equal efficacy by counsel or (in a jurisdiction preserving the orthodox function of judges) by the judge in his charge on the facts. Common intelligence and caution, in the jurors' minds, will sufficiently appreciate it, without formulating it in a rule of law. Moreover, the danger which it is supposed to guard against is greatly exaggerated in common thought. That danger lies wholly in a false confession of guilt. Such confessions, however, so far as handed down to us in the annals of our courts, have been exceedingly rare. Such a rule, though not really needed, might be at least merely superfluous. But this rule, and all such rules, are today constantly resorted to by unscrupulous counsel as mere verbal formulas with which to entrap the trial judge into an error of words in his charge to the jury. These capabilities

of abuse make it often a positive obstruction to the course of justice.

Wigmore, Evidence § 2070 (3d ed. 1940).

Legal reforms have granted criminal suspects some additional protections against false confessions made due to police brutality or threats. *Miranda* warnings inform a criminal suspect of his or her right to the assistance of counsel when in police custody; the six hour rule diminishes the likelihood of confessions given in response to exhaustive police interrogations. Similarly, the law's increased sensitivity and understanding of mental illness, evident in the availability of affirmative defenses such as not guilty by reason of insanity, guilty but mentally ill and diminished capacity, decreases the risk that a false confession given due to mental illness will go unchallenged. Some would argue that these positive changes in the law militate against continued, strict adherence to the corpus delicti rule.[2]

While criticism of the rule has been the subject of debate in the academic arena, the rule remains intact in the case law of this Commonwealth. It has been recognized in homicide cases since the nineteenth century. *See Gray v. Commonwealth*, 101 Pa. 380 (1882). Throughout its evolution, several issues have been raised, debated and resolved. *See Commonwealth v. Ware*, 459 Pa. 334, 329 A.2d 258 (1974) (where the independent corroborating evidence is equally consistent with accident or criminality, it is insufficient; however, the prosecution has

---

2. These changes were noted in a highly-regarded article published in the University of Pennsylvania Law Review in 1955. The author of the Note, who is not named, reasoned that the fear of confessions based on third degree tactics by police or the mental derangement of the suspect, while significant, are not necessarily lessened by the requirements of the corpus delicti rule:

[I]t would seem that the greatest danger that the police will use third degree methods or that the defendant will succumb to the suggestive influence of long hours of questioning by the police exists where there is some independent evidence that a crime was committed, which has led the police to undertake an investigation. Likewise, the danger of a pathological confession would be as great where the question is who committed a crime as where the question is whether a crime is committed.

Note, *supra,* at 648.

no affirmative duty to exclude the possibility of accident or suicide); *Commonwealth v. Burns*, 409 Pa. 619, 187 A.2d 552 (1963) (the order of proof is within the trial court's discretion and it may permit admission of the defendant's statement subject to later proof of corpus delicti by prosecution); *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A.2d 435 (1956) (corpus delicti can be proved by circumstantial evidence).

Despite the criticism associated with the rule and the suggestion that it has outlived its effectiveness, we are not, as an intermediate appellate court, in a position to eliminate it or alter its requirements. Our supreme court dictates the application and parameters of the rule; it is our task to follow the mandate of the supreme court. With that in mind, we turn to the arguments of counsel.

While the Commonwealth's brief does not explicitly state such, it appears that the Commonwealth concedes the corpus delicti for the crime of DUI was not established independent of appellant's statement. That fact is of no moment, argues the Commonwealth, because the type of statement made by appellant is not subject to the corpus delicti rule. Because the statement was not a confession to DUI, but merely an admission to being the operator of the motorcycle, the rule does not apply.

In support of its argument, the Commonwealth draws our attention to *Commonwealth v. Palmer*, 265 Pa.Super. 462, 402 A.2d 530 (1979). In *Palmer*, a police officer was called to the scene of an accident and observed two men sitting by the roadway. The officer asked who the operator of the vehicle was and the defendant indicated that he had been driving. Upon noticing that the defendant exhibited classic signs of intoxication, including a staggering gait, a strong smell of alcohol and difficulty speaking, the officer arrested him. On appeal the issue was whether the Commonwealth proved the corpus delicti of DUI independent of the defendant's admission that he was the driver. A panel of this court held that the corpus delicti rule did not apply since "the statement made by defendant [that he was the operator of the vehicle] did not amount to a confession." *Id.* at 465–66, 402 A.2d at 532.

Fourteen years later, in *Commonwealth v. Buck*, 426 Pa.Super. 26, 626 A.2d 176 (1993), we revisited the issue of whether all statements made by an accused were subject to the corpus delicti rule or whether the rule only governed "confessions." In *Buck*, a state trooper was investigating a crime and interviewed Linda Buck as a possible witness. During the course of their conversation, Buck told the trooper that she had driven her car to Elimsport, Lycoming County the previous day. Later, the trooper learned that Buck's license had been suspended and that her vehicle was neither registered nor insured. He issued citations for the violations and Buck was found guilty on all charges. She appealed to this court claiming that the prosecution failed to establish the corpus delicti.

The Commonwealth relied on our holding in *Palmer* and argued that Buck's admission that she drove her car was not a confession and therefore not subject to the corpus delicti rule. In arresting judgment due to the inadmissibility of Buck's statement, we held that a supreme court case decided subsequent to *Palmer* controlled:

> [I]t is clear that *Palmer* is incorrect under controlling Pennsylvania Supreme Court precedent decided after *Palmer*. In *Commonwealth v. Smallwood*, 497 Pa. 476, 442 A.2d 222 (1982), our supreme court clearly held that the corpus delicti rule applies to any "statement" made by the accused. Furthermore, the rule routinely is applied to any statement which is inculpatory in nature, and the statement need not be an admission to each element of the charged crime to be subject to it. *E.g., Commonwealth v. Hogans*, 400 Pa.Super. 606, 584 A.2d 347 (1990) (where defendant admitted he drove a car but not that he was intoxicated, we analyzed whether the corpus delicti rule had been satisfied prior to admission of the statement).

*Id.* at 29–30, 626 A.2d at 177–78. The *Smallwood* case involved a defendant who, while at a hospital where her boyfriend was being treated for arson-related injuries, stated "It's my fault, it's my fault. I'm responsible for him being here." After her conviction for murder and arson, Smallwood argued

that the Commonwealth failed to establish the corpus delicti prior to admission of her statement. In setting out the standard in the case, the *Smallwood* court stated "It is well settled that '[u]ntil the corpus delicti is established, introduction of the accused's *statement* is inadmissible.' " *Smallwood, supra,* at 484, 442 A.2d at 225 (emphasis supplied).[3]

■ Here, the Commonwealth argues that the *Buck* court misapprehended *Smallwood* and, further, that *Palmer* remains controlling law on this issue. Our review of the case law reveals that the terms "confession" and "statement" have been used interchangeably and it is not entirely clear whether the *Smallwood* court drew a distinction between the two. However, other Pennsylvania Supreme Court cases lead us to conclude that the admission of any statement made by an accused, not just a confession, is subject to the corpus delicti rule. *See e.g., Commonwealth v. Turza, supra* at 134, 16 A.2d at 404 ("the grounds on which the rule rests are the hasty and unguarded character which is often attached to *confessions and admissions* ..." (emphasis supplied)); *Commonwealth v. Ware, supra* at 365, 329 A.2d at 274 ("a criminal conviction may not be based on the extra-judicial *confession or admission* of the defendant unless it is corroborated ..." (emphasis supplied)).

■ The United States Supreme Court considered this very issue over forty years ago and reasoned:

> We think that an accused's admissions of essential facts or elements of the crime, subsequent to the crime, are of the same character as confessions and that corroboration should be required.... The need for corroboration extends beyond complete and conscious admissions of guilt—a strict confession.... [S]tatements of the accused out of court that show essential elements of the crime ... necessary to supplement an otherwise inadequate basis for a verdict of conviction, stand differently. Such admissions have the

---

**3.** The court then held that since the order of proof was a discretionary matter left to the trial judge, the fact that the Commonwealth ultimately established the corpus delicti was sufficient for admission of the statement.

32

same possibilities for error as confessions. They too must be corroborated.

*Opper v. United States,* 348 U.S. 84, 90–91, 75 S.Ct. 158, 163, 99 L.Ed. 101 (1954) (citations omitted). Based on the rationale in *Opper,* and what we perceive is agreement with *Opper* on the part of our supreme court, we hold today that all statements made by an accused that are material to the prosecution's case are subject to the corpus delicti rule.

■ The Commonwealth relies on two other methods by which we can affirm the trial court's admission of the statement, even in the absence of the corpus delicti. The first is the "closely related crime" exception to the rule. In *Commonwealth v. Tessel,* 347 Pa.Super. 37, 500 A.2d 144 (1985), the prosecution established the corpus delicti for theft in its case against the defendant but could not establish the corpus delicti for burglary. Nevertheless, the defendant's confession to burglary was admitted because "where a defendant's confession relates to two separate crimes with which he is charged, and where independent evidence establishes the corpus delicti of only one of those crimes, the confession may be admissible as evidence of the commission of the other crime." *Id.* at 46, 500 A.2d at 148.

■ The exception applies only where the crimes arise out of a single transaction and "where the relationship between the two crimes is sufficiently close to ensure that the policies underlying the corpus delicti rule are not violated." *Id.* at 47, 500 A.2d at 149. *See also Commonwealth v. DiSabatino,* 399 Pa.Super. 1, 581 A.2d 645 (1990) (independent evidence of possession of a controlled substance sufficient to allow admission of defendant's confession to possession with intent to deliver), *appeal denied,* 527 Pa. 629, 592 A.2d 1297 (1991); *Commonwealth v. Rieland,* 324 Pa.Super. 115, 471 A.2d 490 (1984) (confession to burglary and conspiracy admitted where corpus delicti established for burglary only); *Commonwealth v. Stokes,* 225 Pa.Super. 411, 311 A.2d 714 (1973) (confession to attempted murder admissible where corpus delicti established for firearms offense). As stated by Professors Packel and

Poulin in their treatise, "[i]f the crimes are closely related, the danger of innocent conviction is obviated once the corpus delicti of one offense is established." Packel & Poulin, Pennsylvania Evidence § 424 (1987).

In this case, the Commonwealth argues that the corpus delicti for the crime of leaving the scene of an accident involving property damage (hereinafter "leaving the scene") was established.[4] Since leaving the scene is closely related to the crime of DUI, the Commonwealth argues that appellant's statement is admissible. In response, appellant claims that, although the corpus delicti for leaving the scene was established, 1) leaving the scene is a summary offense and cannot be considered other "criminal" activity and 2) even if leaving the scene is considered a crime, the two offenses are not closely related. We reject both assertions.

While leaving the scene is merely a summary traffic violation, *see* 75 Pa.C.S.A. § 3743, it is an offense against the laws of this Commonwealth that is enforced by a criminal law enforcement agency, namely, the police. In light of our previous discussion regarding the potential for abuse of the corpus delicti rule as a "mere verbal formula to entrap" the court, we find that for purposes of determining whether the closely related crime exception applies, a summary offense is criminal activity. Further, we conclude that leaving the scene is closely related to DUI in this case, making the exception applicable and appellant's statement admissible.

Clearly, both crimes arose out of a single transaction. Common sense tells us that the commission of one (DUI) can and often does lead to the commission of the other (leaving the scene). It would fly in the face of logic to conclude that there is no connection between an intoxicated driver, a motor vehicle accident and flight from the scene of the accident to escape detection by law enforcement. Indeed, the potential for automobile accidents involving damage to property and life is the

---

4. In addition to his DUI charge, appellant was found guilty of two summary violations, driving with a suspended license and leaving the scene.

very danger addressed by our drunk driving laws. While the application of the corpus delicti rule is mandatory, we are not required to perform mental gymnastics in applying it, nor should we allow its use as a "positive obstruction to the course of justice." *See* Wigmore, *supra.*

Appellant's statement that he was the operator of the vehicle implicated him in both the DUI charge and the leaving the scene charge. Because the corpus delicti for leaving the scene was established independently of appellant's statement, the statement is admissible against appellant for the DUI charge.[5]

We need not address the Commonwealth's final argument for affirmance, that is, its request for the creation of a public policy exception to the corpus delicti rule in accident investigation cases.[6] Specifically, the Commonwealth suggests that we allow the introduction of a statement that is merely an admission to being the operator of a vehicle involved in an accident. However, it appears that in most instances, the closely related crime doctrine would suffice to allow admission of the statement, as it did in this case. Nevertheless, the use and misuse of the corpus delicti rule in these circumstances, as well as any exception thereto, is a task for our supreme court or the legislature.

Judgment of sentence affirmed.

**5.** Appellant raised two additional issues in his initial brief to the panel. First, he alleged error on the part of the trial court in admitting hearsay statements made to Officer Burkhardt by witnesses on the scene. Our review of the record reveals that Officer Burkhardt was not permitted to testify to anything he was told by those present at the scene of the accident. Second, appellant argues that the evidence was insufficient to support his conviction for DUI. Again, the record belies this claim and we find it meritless.

**6.** There are two distinct holdings in this case, both of which are made with a majority of members of the court. The first holding, that all statements made by an accused that are material to the prosecution's case are subject to the corpus delicti rule, is joined by seven judges of this court: McEwen, P.J., Cirillo, P.J.E., and Beck, Tamilia, Popovich, Johnson and Hudock, JJ. The second holding, that the closely related crime exception to the corpus delicti rule is applicable in this case, is joined by six judges of this court: McEwen, P.J., Cavanaugh, Del Sole, Beck, Tamilia, and Hudock, JJ.

Concurring Statements filed by CAVANAUGH and DEL SOLE, JJ.

Concurring and Dissenting Opinion filed by CIRILLO, President Judge Emeritus, which is joined by POPOVICH and JOHNSON, JJ.

### Concurring Statement by CAVANAUGH, Judge:

While I join in the result reached by the well-reasoned majority opinion, I respectfully disagree with the holding stated after the majority's discussion of *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). As the majority states elsewhere, these issues merit re-examination by our Supreme Court and, I believe the holding stated by the majority in the present matter is too broadly drawn and, may in the future, be the basis for more interpretive problems.

### Concurring Statement by DEL SOLE, Judge:

I agree that the judgment of sentence must be affirmed. Also, I agree with the analysis that the corpus delicti of leaving the scene of the accident would support admission of appellant's "confession" on the DUI charge.

However, I do not agree that Appellant's statement that he was driving is an admission which invokes the rule. I believe our court's opinion in *Commonwealth v. Palmer*, 265 Pa.Super. 462, 402 A.2d 530 (1979) is the correct statement of the law. Further, I do not agree that *Commonwealth v. Buck*, 426 Pa.Super. 26, 626 A.2d 176 (1993), correctly analyzed the application of *Commonwealth v. Smallwood*, 497 Pa. 476, 442 A.2d 222 (1982) and as such, should be rejected.

### Concurring and Dissenting Opinion by CIRILLO, President Judge Emeritus:

I concur with the majority's initial holding that all statements made by an accused that are material to the prosecution's case are subject to the corpus delicti rule; the rule is not limited to confessions by an accused. I disagree, however, with the majority's ultimate conclusion that appellant's state-

ment is admissible for the DUI charge by virtue of the independent establishment of corpus delicti for the summary offense of leaving the scene. I find that the "closely related crime" exception does not apply. Consequently, because there existed no independent evidence of DUI, which the Commonwealth implicitly concedes, the corpus delicti for such a crime has not been established and appellant's statement is, therefore, inadmissible. Accordingly, I respectfully dissent.

As noted by the majority, Officer Burkhardt arrived at an accident scene to find a damaged motorcycle, which appeared to have collided with a mailbox and a telephone pole. The operator of the motorcycle was not at the scene. Approximately one half hour after his investigation, Officer Burkhardt, accompanied by Officer Michie, visited appellant's residence. Responding to the officers' questions, appellant indicated that he had been travelling to a bar on the motorcycle in question when the accident occurred. While talking with appellant, the officers observed that he exhibited signs of intoxication. Appellant declined to perform a field sobriety test, whereupon he was arrested for DUI and taken to an area hospital. There, appellant refused a blood test; he was then driven to police headquarters. Following a jury trial, appellant was convicted of DUI and two summary violations, namely, driving with a suspended license and leaving the scene of an accident involving property damage.

The well established corpus delicti rule provides that a criminal conviction will not be permitted to stand merely on the out-of-court confession of an accused, and thus a case may not go to the fact finder where independent evidence does not suggest that a crime has occurred. *Commonwealth v. Byrd,* 490 Pa. 544, 556, 417 A.2d 173, 179 (1980); *Commonwealth v. Persichini,* 444 Pa.Super. 110, 117–18, 663 A.2d 699, 702 (1995). The rule is rooted in the hesitancy to convict a person of a crime solely on the basis of that person's statements. *Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940). The two elements of corpus delicti include: (1) the occurrence of a loss or injury, and (2) some person's criminal conduct as the source of that loss or injury. *Commonwealth*

*v. Ware*, 459 Pa. 334, 365, 329 A.2d 258, 274 (1974); *Persichini*, 444 Pa.Super. at 117–18, 663 A.2d at 702.

The Commonwealth implicitly concedes, as it should, that the corpus delicti for the crime of DUI was not established independent of appellant's statement. "[T]wo elements combine to establish the corpus delicti of driving under the influence. They are: (1) someone must be in control of a vehicle, and (2) that same person must be under the influence of alcohol at the time. 75 Pa.C.S.A. § 3731." *Commonwealth v. Hogans*, 400 Pa.Super. 606, 609, 584 A.2d 347, 349 (1990) (footnote omitted); *see also Commonwealth v. Kasunic*, 423 Pa.Super. 112, 620 A.2d 525 (1993). Absent appellant's statements revealing that he was driving the motorcycle at the time of the accident, no evidence was adduced establishing the corpus delicti for DUI. The Commonwealth introduced no independent evidence indicating that appellant drove the motorcycle or that he did so while under the influence of alcohol.

In *Commonwealth v. Buck*, 426 Pa.Super. 26, 626 A.2d 176 (1993), an analogous case, the appellant was found guilty of driving with a suspended license and without registration or insurance. Appellant was interviewed as a possible witness by a police officer, who was investigating another incident. When asked how she had arrived in the area, appellant responded that she had driven there. The officer thereafter realized that the appellant's driving privileges had been revoked. In appealing her conviction, the appellant claimed that she had been convicted solely on the basis of her own statements and that the Commonwealth failed to establish the corpus delicti of the crimes at issue. This court agreed, and reversed appellant's judgment of sentence. In support of this conclusion we stated:

> In the present case, there was no independent evidence presented to suggest that the crimes were committed. Appellant was not standing close to her car; it was parked in a different location. No witness was presented who observed appellant driving. She was convicted solely on the basis of her statement, made during the course of a criminal investi-

gation of a different incident, that she drove to the area the day prior to the incident.

*Id.* at 29, 626 A.2d at 177. Similarly, in the instant case, the Commonwealth presented evidence of a motorcycle accident and evidence of appellant's intoxication. The Commonwealth did not establish the corpus delicti, however, because it failed to present independent evidence that appellant had driven the motorcycle or that he did so while under the influence of alcohol.

The majority properly rejected the Commonwealth's first argument, *i.e.*, that the type of statement made by appellant is not subject to the corpus delicti rule because such statement was not a confession to DUI, but merely an admission to being the operator of the motorcycle. The majority, however, chose to affirm appellant's judgment of sentence based upon the Commonwealth's alternative argument, specifically, the "closely related crime" exception to the corpus delicti rule. The majority concludes that because the corpus delicti for "leaving the scene," *see* 75 Pa.C.S.A. § 3745 (Accidents involving damage to unattended vehicle or property), was established independently of appellant's statement that he was the operator of the motorcycle, the statement is admissible against appellant for the DUI charge. While I do not disagree with the cases in which this exception has been applied, I believe that its application to the instant case is unjust.

> Where a defendant's confession relates to two separate crimes with which he is charged, and where independent evidence establishes the *corpus delicti* of only one of those crimes, the confession may be admissible as evidence of the commission of the other crime. **This will be the case only where the relationship between the two crimes is sufficiently close to ensure that the policies underlying the *corpus delicti* rule are not violated.**

*Commonwealth v. Tessel*, 347 Pa.Super. 37, 46, 500 A.2d 144, 148–49 (1985) (emphasis added). In *Tessel*, the relationship between the charged theft and burglary was sufficiently close to allow the court, upon proof of the corpus delicti of the **theft**, to admit appellant's confession as evidence that appellant had

committed not only the theft but also the **burglary.** *Id.* at 46–48, 500 A.2d at 149. As pointed out in *Tessel,* this court first discussed the circumstances surrounding when a confession of one crime is admissible as evidence of another crime in *Commonwealth v. Stokes,* 225 Pa.Super. 411, 311 A.2d 714 (1973). There, the defendant was charged with playfully or wantonly pointing a firearm and attempting to discharge a loaded firearm with intent to commit murder. We held that, on the basis of the evidence presented,[1] the Commonwealth had established the corpus delicti of the crime of pointing a firearm, and it was therefore appropriate to admit appellant's confession of that crime. The confession, however, was the only evidence of intent necessary to prove the commission of the crime of "attempting to discharge." We nonetheless held the confession admissible to establish that crime as well, reasoning that the two crimes were closely related in that they "arose from a single transaction" and had an element "in common." *Stokes,* 225 Pa.Super. at 414–15, 311 A.2d at 715; *accord Tessel,* 347 Pa.Super. at 46–48, 500 A.2d at 149. **"We cautioned, however, that '[p]erhaps if the two crimes were distinct, in time or nature or both, the case would be different.'"** *Tessel,* 347 Pa.Super. at 47, 500 A.2d at 149 (quoting *Stokes,* 225 Pa.Super. at 415, 311 A.2d at 715 (emphasis added)).

Here, it is perhaps arguable that the crimes of DUI and leaving the scene arose from the same transaction; however, these two crimes are certainly distinct in nature. *Stokes, supra; Tessel, supra.* The distinct nature of the two offenses is clear not only from an examination of the elements of each

1. The evidence was as follows:

   When two police officers entered an apartment at the request of the tenant, they observed appellant in the bedroom pointing a rifle at them. As the officers retreated from the apartment, one officer fired a shot. Venturing back in, the officer saw appellant "raising his rifle again." Appellant closed the bedroom door. The officers called for reinforcement, and when these arrived, appellant threw out his rifle and surrendered.

   *Stokes,* 225 Pa.Super. at 413, 311 A.2d at 715; *accord: Tessel,* 347 Pa.Super. at 46–48, 500 A.2d at 149.

offense,[2] but also in the more general purposes behind the laws governing each crime. The purpose of drunk driving laws is to keep intoxicated drivers off of the road and protect the public at large. *Commonwealth v. Byers,* 437 Pa.Super. 502, 508–09, 650 A.2d 468, 471 (1994). In contrast, the summary offense of leaving the scene seeks to ensure that violators do not evade their responsibilities with regard to damaged vehicles or property. *See* 75 Pa.C.S.A. § 3745; *see also Commonwealth v. Buechele,* 298 Pa.Super. 418, 424–25, 444 A.2d 1246, 1249 (1982) (a charge pursuant to 75 Pa.C.S.A. § 3745 does not require proof of the same facts as drunk driving; the two statutes are aimed at different perils).

The majority's attempt to bootstrap the DUI offense via the summary offense of leaving the scene is tenuous at best. Admittedly, there exists independent evidence of leaving the scene to establish the corpus delicti of that offense. Upon arriving at the accident scene, the officers found property damage and the absence of the motorcycle operator. *See* 42 Pa.C.S.A. § 3745. To conclude, however, that appellant's admission that he left the scene of the accident implicates him in both the leaving the scene charge and the DUI charge

**2.** The pertinent elements of the offenses at issue provide:

**§ 3731. Driving under the influence of alcohol or controlled substance**

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving[.]

**§ 3745. Accidents involving damage to unattended vehicle or property**

(a) **General rule.**—The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and shall then and there either locate and notify the operator or owner of the damaged vehicle or other property of his name, address, information relating to financial responsibility and the registration number of the vehicle being driven or shall attach securely in a conspicuous place in or on the damaged vehicle or other property a written notice giving his name, address, information relating to financial responsibility and the registration number of the vehicle being driven and shall without unnecessary delay notify the nearest office of a duly authorized police department. Every stop shall be made without obstructing traffic more than is necessary.

defies reason, is purely circumstantial, and is unsupported by existing case law. The majority bases the connection between these two offenses on "common sense" and "logic." This reasoning is insufficient, especially when viewed in light of the cases that have applied the exception at issue. Notably, none of these cases invoked the exception by using independent evidence of a summary offense to admit a statement for a more serious crime. *See Tessel, supra; Stokes, supra; see also Commonwealth v. Donton,* 439 Pa.Super. 406, 654 A.2d 580 (1995) (where appellant was convicted for attempted murder and aggravated assault, the Commonwealth's establishment of a corpus delicti for the crime of carrying a loaded weapon was closely related to appellant's plan to kill his wife and arose out of the same transaction); *Commonwealth v. DiSabatino,* 399 Pa.Super. 1, 581 A.2d 645 (1990) (crimes of possession of a controlled substance and possession with intent to deliver were determined to be closely related, shared the common element of possession, and arose out of the same incident); *Commonwealth v. Rieland,* 324 Pa.Super. 115, 471 A.2d 490 (1984) (crimes of burglary and conspiracy arose from a common transaction; it did not defeat the purpose of the corpus delicti rule where the Commonwealth established the corpus delicti of burglary, thereby admitting appellant's statement that he was involved in a criminal conspiracy to commit burglary).

The relationship between DUI and leaving the scene is not "sufficiently close to ensure that the policies underlying the corpus delicti rule are not violated." *Tessel,* 347 Pa.Super. at 46, 500 A.2d at 148–49. Again, the policy behind the corpus delicti rule is grounded in a reluctancy to convict a person of a crime solely on the basis of that person's statements. *Turza, supra.* In my view, a violation of such a policy exists where, as here, an admission relevant to a summary offense relating to property damage is utilized as a tool to convict a person for a distinctly unrelated second-degree misdemeanor DUI offense, where no independent evidence exists for the DUI crime. I find that a potentially dangerous precedent has been set where an absence of corpus delicti for one crime (DUI) is

so easily disregarded by the finding of independent evidence for a separate, unrelated crime (leaving the scene); such a determination places the future of the corpus delicti doctrine at risk.

I would not, therefore, apply the "closely related crimes" exception and, because no corpus delicti was established for DUI, I would reverse appellant's judgment of sentence.