706 A.2d 820

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**William VERTICELLI, Appellant.**

Supreme Court of Pennsylvania.

Argued April 28, 1997.

Decided Jan. 29, 1998.

436

438

Theodora K. Gaitas, Ann P. Russavage-Faust, Doylestown, for appellant.

Andrea Hudak, Doylestown, Stephen B. Harris, Warrington, for appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

This case presents the court with a question regarding the parameters of the closely related crime exception to the corpus delicti rule. Upon careful consideration this court finds that application of the closely related crime exception must be determined on a case-by-case basis. For the reasons as more fully set forth herein, the decision of the Superior Court is affirmed in part and reversed in part.

The essential facts underlying this matter are as follows. In the late afternoon hours of March 26, 1994, Officer Burkhardt of the New Britain Township Police Department responded to a radio call of a motorcycle accident. Upon arriving at the scene, Officer Burkhardt observed a motorcycle facing in the southbound direction lying half on the street and half in the yard of a property on the northbound side of the roadway. Upon investigation it was apparent that the operator of the motorcycle had been traveling southbound, crossed the center line, and struck a mailbox and telephone pole on the northbound side of the road. Officer Burkhardt observed that the motorcycle was dented and leaking gasoline from a punctured tank. The mailbox of the residence was knocked from its post to the ground and the telephone pole was damaged. The operator of the motorcycle was not on the scene. After speaking to witnesses at the scene, Officer Burkhardt arrived at appellant's home where he spoke to appellant and appellant's father. In response to the officer's questions, appellant stated that while driving the motorcycle to a bar, he "dumped" it.

Officer Burkhardt noticed that appellant exuded a strong odor of alcohol, that his speech was slurred, his eyes were glassy and bloodshot and that he was staggering. Officer Burkhardt asked appellant if he had anything to drink after the accident to which appellant responded negatively. The

officer then asked appellant to perform field sobriety coordination tests, a request appellant declined. Appellant was then arrested and transported to a local hospital, where upon being informed of the implied consent law and asked to submit to a blood test, he refused. Appellant was then transferred to police headquarters where he became uncooperative, irrational and threatening to the officer. Appellant was, upon his request, granted a meeting with a crisis intervention worker as he was threatening suicide. After the crisis intervention worker interviewed appellant, appellant was again released into the custody of Officer Burkhardt.

Appellant was subsequently charged with the summary offenses of accident involving damage to unattended vehicle or property[1] and driving with a suspended license,[2] and the misdemeanor offense of driving under the influence.[3] (hereinafter DUI). At appellant's trial his counsel objected to the admission of appellant's statement that he had been operating the motorcycle on the grounds that the prosecution had failed to establish the corpus delicti for DUI independent of appellant's statement. The trial court overruled the objection. Appellant was ultimately found guilty and appealed his conviction to the Superior Court.

The Superior Court affirmed the judgement of sentence. The Superior Court heard the appeal en banc, rendering a decision which generated four separate opinions. Judge Beck, writing for the majority, found that all statements of a defendant material to the prosecution's case are subject to the corpus delicti rule. In this case, although the Commonwealth had failed to independently establish the corpus delicti for DUI, appellant's statement was admissible under the closely related crime exception to the corpus delicti rule. Judge Cirillo wrote a concurring and dissenting opinion wherein he agreed that all material statements of an accused are subject to the corpus delicti rule, however, he opined that the closely related crime exception could never apply to a situation where

1. 75 Pa.C.S. § 3745.
2. 75 Pa.C.S. § 1543.
3. 75 Pa.C.S. § 3731(a)(1).

one of the crimes charged was a summary offense and the other was a misdemeanor offense. Judge Cavanaugh filed a concurring statement, wherein he agreed with the conclusion of the majority, but he found the decision to be too broad in its application of the corpus delicti rule to all material statements of an accused. Judge Del Sole also filed a concurring statement in which he opined that the defendant's statement that he had been operating the motorcycle was not an admission which would invoke the corpus delicti rule. Allocatur was granted by this court to review the parameters of the closely related crime exception to the corpus delicti rule.

The corpus delicti rule is a rule of evidence. *Commonwealth v. May*, 451 Pa. 31, 32, 301 A.2d 368, 369 (1973). Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. *Commonwealth v. Cohen*, 529 Pa. 552, 563, 605 A.2d 1212, 1218 (1992).

The corpus delicti rule places the burden upon the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. *Commonwealth v. Smallwood*, 497 Pa. 476, 484, 442 A.2d 222, 225 (1982). The corpus delicti is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. *Commonwealth v. McMullen*, 545 Pa. 361, 368, 681 A.2d 717, 720 (1996). The criminal responsibility of the accused for the loss or injury is not a component of the rule. *Id.* The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. *Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A.2d 401, 404 (1940). The corpus delicti may be established by circumstantial evidence. *Commonwealth v. Reyes*, 545 Pa. 374, 381, 681 A.2d 724, 727 (1996).

An exception to the corpus delicti rule known as the closely related crime exception was specifically approved of by this Court in *McMullen*, at 372, 681 A.2d at 723. This

exception comes into play where an accused is charged with more than one crime, and the accused makes a statement related to all the crimes charged, but the prosecution is only able to establish the corpus delicti of one of the crimes charged. Under those circumstances where the relationship between the crimes is sufficiently close so that the introduction of the statement will not violate the purpose underlying the corpus delicti rule, the statement of the accused will be admissible as to all the crimes charged. *Id.*[4]

▆▆ As we acknowledged in *McMullen* the Superior Court had already adopted the closely related crime exception to the corpus delicti rule. By reviewing a representative sample of the decisions of the Superior Court it is apparent that application of the exception in a given case is dependent upon the facts present in that case.

In *Commonwealth v. DiSabatino*, 399 Pa.Super. 1, 581 A.2d 645 (1990), after a search of the defendant's residence revealed a large quantity of narcotics and paraphernalia commonly used in the sale of narcotics, the defendant was charged with possession of a controlled substance and possession with the intent to deliver. The defendant made a statement to the police that the drugs were his, not those of his wife, and that he intended to deliver the drugs to others. The defendant then argued that the Commonwealth failed to establish the corpus delicti on the intent to deliver charge, absent his statement. The Superior Court found that as the corpus delicti of the crime of possession had been established, the admission of the statement was proper given the commonality of the element of possession in the two offenses and the fact that the charges all arose from the same transaction.

The charges at issue in *Commonwealth v. Tessel*, 347 Pa.Super. 37, 500 A.2d 144 (1985), were theft and burglary. In that case the Commonwealth was able to establish the corpus delicti of theft but unable to establish the corpus delicti of the

4. In *McMullen* this court found that the exception would not apply to permit admission of appellant's statements regarding a murder as the Commonwealth had only established the corpus delicti for the crime of burglary and nothing other than the statements of appellant linked the two crimes. *Id.* at 372–73, 681 A.2d at 723.

burglary charge. The facts of the case placed the defendant at the motel in the area of the room from which the television had been stolen prior to the discovery of the theft. The next day the stolen television was discovered in the defendant's apartment. The defendant confessed to having entered the motel room and taking the television. The Superior Court found that the closely related crime exception to the corpus delicti rule applied as the crimes of theft and burglary share a common element of unlawful taking and the two charges arose from the same transaction.

In *Commonwealth v. Stokes*, 225 Pa.Super. 411, 311 A.2d 714 (1973), the crimes charged were pointing a firearm and attempt with intent to kill. The police reported to a call for a disturbance where they encountered the defendant in the bedroom of the apartment. When the police entered the bedroom the defendant pointed a rifle at them. Upon his surrender the defendant stated that he had pulled the trigger but nothing happened. The crime of attempt with intent to kill required a showing that the defendant attempted to discharge a loaded firearm at a person. The Commonwealth was unable to establish the corpus delicti of the crime of attempt with intent to kill absent the defendant's statement. In finding the statement admissible under the closely related crime exception to the corpus delicti rule the Superior Court stated:

> The two crimes charged arose from a single transaction, and had in common the element of pointing a firearm at some-one. Perhaps if the two crimes were distinct, in time or nature or both, the case would be different; whether it would need not be decided. As it is, by proving the crime of pointing a firearm, the Commonwealth provided sufficient protection against 'the hasty and unguarded character ... often attached to confessions', *Commonwealth v. Turza, supra* at 134, 16 A.2d at 404, to entitle it to offer the confession of attempt with intent to kill.

*Id.* at 414–15, 311 A.2d at 715–16.

Our review of the application of the closely related crime exception in these cases reveals that the parameters of this

exception are fact dependent; the exception applies in situations where the crimes charged share a common element and are temporally related, as having arisen from the same transaction. Given these parameters, we now turn to the case at bar to determine if the trial court properly admitted the statements of appellant under the circumstances of this case.

Before we address the applicability of the closely related crime exception we need to determine if the corpus delicti rule itself is at all applicable to the statement. We note that this issue caused considerable division within the Superior Court. A majority of the Superior Court held that all statements of an accused that are material to the prosecution's case are subject to the corpus delicti rule. Statements material to the prosecution's case are any statements which bear upon a matter at issue in the case. *Commonwealth v. Stewart,* 461 Pa. 274, 278, 336 A.2d 282, 284 (1975) However, a statement material to the prosecution's case may not be inculpatory as it may not serve to connect the accused to the crime. As this Court recently reaffirmed, the corpus delicti rule was intended to apply *only* to inculpatory statements of the accused. *See McMullen* 545 at 368, 681 A.2d at 721; *Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982); *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974); *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967). Thus we find the Superior Court painted with too broad a brush in holding that all statements of an accused material to the prosecution's case are subject to the corpus delicti rule. Accordingly, we reject the Superior Court conclusion which expands the corpus delicti rule to include *all* material statements made by an accused whether or not the statements are inculpatory. We hold that only inculpatory statements of an accused are subject to the protection of the corpus delicti rule.[5]

5. The Superior Court based its holding on the United States Supreme Court decision in *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). The Court in *Opper* was not discussing the application of the corpus delicti rule. The issue in that case was whether extrajudicial statements of the defendant, which were in fact exculpatory, yet could be said to establish an element of the crime charged, i.e., material statements, would be admissible without independent corrobo-

■ In the instant case we find that the statement of appellant that he "dumped" the motorcycle was not only material to the Commonwealth's case, but also inculpatory as it specifically connects appellant to criminal activity. Having established that the corpus delicti rule is applicable in the instant case we now turn to appellant's arguments as to the application of the rule.

■ The facts as accepted by the trial court reveal that, 1) someone was operating a motor vehicle when an accident occurred causing damage to property, and 2) the operator of the motor vehicle fled the scene of the accident. As the evidence shows that an injury to property did occur and that it is more consistent with a crime than an accident, the corpus delicti for the offense defined by 75 Pa.C.S. § 3745 [6], commonly referred to as leaving the scene of an accident, was established. Thus, the appellant's statement that he was operating

ration establishing the trustworthiness of the statements. *Id.* at 92, 75 S.Ct. at 164. (when presented with the criminal charges the defendant had made the statements as an alibi). The *Opper* Court held that independent corroboration was necessary even though the statements were exculpatory. However, the Court also held that the quantum of independent corroboration needed to meet the corpus delicti rule was not required prior to admission of these statements, because the statements were not *inculpatory*. Thus, although the *Opper* decision speaks to material statements, it does not hold that all material statements of the accused are subject to the corpus delicti rule.

6. **75 Pa.C.S. § 3745. Accidents involving damage to unattended vehicle or property**

(a) **General rule.**-The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and shall then and there either locate and notify the operator or owner of the damaged vehicle or other property of his name, address, information relating to financial responsibility and the registration number of the vehicle being driven or shall attach securely in a conspicuous place in or on the damaged vehicle or other property a written notice giving his name, address, information relating to financial responsibility and the registration number of the vehicle being driven and shall without unnecessary delay notify the nearest office of a duly authorized police department. Every stop shall be made without obstructing traffic more than is necessary.

(b) **Penalty-**A violation of this section is a summary offense, punishable by a fine of $300 or imprisonment for not more than 90 days, or both.

the vehicle at the time of the accident was properly admitted under the corpus delicti rule as to his culpability for the summary offense of leaving the scene of an accident. *McMullen,* 545 Pa. at 370, 681 A.2d at 722.

Appellant argues however, that it was error to permit his statement that he had been operating the vehicle at the time of the accident to be admitted as to the charge of DUI. Appellant correctly points out that the corpus delicti for DUI was not established.[7] Therefore, the admission of this statement can only be sustained if the closely related crime exception to the corpus delicti rule applies to leaving the scene of an accident and DUI.[8]

Appellant asserts that the exception is inapplicable, as leaving the scene of an accident is a summary offense; and, the offenses are not so closely related as to fit within the exception to the corpus delicti rule.

First we address appellant's argument that the grading of the offenses is significant in assessing the applicability of the closely related crime exception. Appellant argues that in finding the exception applicable to a summary and misdemeanor offense the Superior Court has radically departed from its own precedents in this area of law. In support of his position appellant lists a series of cases the Superior Court has reviewed, none of which apply the exception to an analogous situation. However, the absence of precedent applying the closely related crime exception to a summary and misdemeanor offense means no more than the fact that the issue had not

7. In making his assertion that the corpus delicti for DUI was not established appellant focuses on the fact that absent his statement the Commonwealth is unable to prove the identity of the person who operated the motor vehicle. However, for purposes of the corpus delicti rule the identity of the perpetrator is irrelevant. The "corpus delicti consists of the occurrence of a loss or injury resulting from some person's criminal conduct. The criminal responsibility of the accused in particular is not a component of the rule." *McMullen,* 545 Pa. at 368, 681 A.2d at 721. [citations omitted].

8. Although appellant was also convicted of the summary offense of driving with a suspended license, 75 Pa.C.S. § 1543, appellant makes no argument that the elements of that offense are relevant to our disposition of the corpus delicti rule issue.

yet presented itself to the appellate court. As appellant's argument reveals, there is also no precedent holding that the closely related crime exception cannot apply where one offense is graded a misdemeanor and another a summary. Given that this is an issue of first impression, the absence of precedent is to be expected.[9]

The primary concern in applying this exception is to ensure that the purpose of the corpus delicti rule is not violated. The purpose of the rule is to guard against a conviction based upon a hasty or unguarded confession before the Commonwealth establishes that a crime in fact has occurred. *Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940). The fact that one of the crimes at issue is of a different grade in contrast to the other crime sought to be linked to the accused is of no moment when looking at the general purpose for which the corpus delicti rule was created. Thus, we see no logical reason why the closely related crime exception would not apply to offenses of different grades.

Next we turn to appellant's argument that the crimes are not sufficiently closely related. Appellant argues that the crimes are not closely related because the legislative purpose in enacting the summary offense was to protect the economic rights of property owners where the legislative purpose in enacting the DUI statute was to protect the public from the danger of intoxicated drivers. Even assuming appellant is correct in his statement as to the underlying policy reasons for the enactments at issue, the purpose for which the legislation was promulgated is not a relevant concern in deciding the admissibility of an inculpatory statement of the accused under the closely related crime exception.

As set forth in the above discussion the closely related crime exception applies where the crimes at issue share a common element and are temporally related. Obviously in this instance we have a temporal relationship between

9. We do note that in *Commonwealth v. Forman,* 404 Pa.Super. 376, 590 A.2d 1282 (1991), the Superior Court found the corpus delicti rule applicable in a case involving two summary charges.

the crimes charged as the DUI arose from the same incident as did the offense of leaving the scene of the accident. The elements necessary to establish the DUI charge at issue are 1) someone was operating, or in actual physical control of a motor vehicle, and 2) the operator of the motor vehicle was under the influence of alcohol at the time, rendering him incapable of safe driving.[10] *Commonwealth v. Wilson,* 442 Pa.Super. 521, 660 A.2d 105 (1995). The DUI charge shares the common element of operation of a motor vehicle with the charge of leaving the scene of an accident. Given the commonality of elements between the two offenses and the fact that they arose from the same incident, we find that the trial judge did not abuse his discretion in admitting appellant's statement under the closely related crime exception to the corpus delicti rule.[11]

Accordingly, for the reasons set forth herein, the decision of the Superior Court is reversed as to the holding that all statements of an accused "material to the prosecution's case" are subject to the corpus delicti rule. We hold that *only* statements material to the prosecution's case which are inculpatory statements are subject to the corpus delicti rule. In all other respects, the decision of the Superior Court is affirmed.

Jurisdiction is relinquished.

CASTILLE, J., concurs in the result.

10. 75 Pa.C.S. § 3731(a)(1). **Driving under influence of alcohol or controlled substance**

(a) **Offense defined.**-A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

11. The Commonwealth in its brief has requested a blanket exception to the corpus delicti rule in vehicular accident cases. As we believe the historical purpose of the corpus delicti rule serves an important function in all situations where an accused may face penal sanctions based only on his own admissions connecting him to culpability we decline to create a blanket exception to such an important rule on the proffered public policy argument that such an exception would make accident investigations easier.