J-S48004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DION LEE MCBRIDE | |
| Appellant | No. 760 WDA 2014 |

Appeal from the Judgment of Sentence March 4, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008429-2013

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                 **FILED NOVEMBER 06, 2015**

Appellant, Dion Lee McBride, appeals from the judgment of sentence entered by the Allegheny County Court of Common Pleas, challenging the sufficiency and weight of the evidence, as well as the trial court's ruling that the Commonwealth properly established the *corpus delicti* of the crime charged.  Upon consideration of McBride's claims, we reverse.

Following a jury trial, McBride was convicted of one count of persons not to possess firearms.[1]  On March 4, 2014, the trial court sentenced McBride to five to ten years of imprisonment.  McBride subsequently filed post-sentence motions, which the trial court denied.  This timely appeal followed.

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

McBride was charged with persons not to possess firearms after a loaded firearm was found in a video game store that he owned. At the time when law enforcement agents found the firearm in McBride's store, McBride was the subject of an ongoing tax fraud investigation conducted by agents from the Pennsylvania Office of the Attorney General. The investigation involved the surveillance of the store location as well as McBride's residence.

On March 13, 2012, law enforcement agents conducted a search of McBride's residence pursuant to a search warrant. While at McBride's residence, the agents told McBride that they also had a search warrant for the store location and planned to search the store later that day. Then, after being read his **Miranda**[2] rights, McBride made a statement to the agents warning them that they would find a handgun in the rear of the store. McBride explained that the store is in an area where robberies are prevalent, so he allowed his employees to keep the gun for protection. McBride then voluntarily provided the agents with keys to the store. McBride was not present during the agents' search of the store. During the search, the agents found a loaded handgun on a shelf in the rear of the store in close proximity to a pile of mail.[3] McBride is a person not to possess

_____

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] The mail found in the store was not addressed to McBride.

under the Uniform Firearms Act.[4]  McBride was subsequently charged with one count of persons not to possess firearms.

Before trial,[5] McBride filed a motion *in limine* seeking to suppress the statements he made about the firearm pursuant to the *corpus deliciti* rule. **See** Motion in Limine, filed 10/31/13, at ¶¶ 5-10.  McBride argued that the Commonwealth could not sufficiently establish *corpus delicti* for the firearm charge independent of his statements; therefore, the statements should not be admitted at trial.  **See id**., at ¶¶ 9-10.  The trial court denied McBride's motion.  McBride renewed his objection regarding the lack of *corpus delicti* at trial, but the objection was overruled.  **See** N.T., Trial, 1/21/14, at 202-204.  At trial, Agent Darren Fisher of the Pennsylvania Department of Revenue and Agent Lee Yingling of the Pennsylvania Office of the Attorney General testified concerning the statements McBride made to them regarding the firearm.

Ultimately, the jury convicted McBride on the basis that he had constructive possession of the firearm.  On appeal, McBride raises three issues for us to consider.  First, McBride contends that there was insufficient evidence to sustain a conviction based on constructive possession of the

---

[4] The fact that McBride was a person not to possess was stipulated to at trial.  **See** N.T., Trial, 1/21/14, at 67.

[5] McBride was also facing various tax fraud charges; however, these charges were bifurcated and the trial at issue only concerned the firearms charge.

firearm. Next, McBride raises a weight of the evidence challenge. Finally, McBride avers that the trial court erred when it found that the Commonwealth had established the *corpus deliciti* of the crime and admitted the statements he made regarding the firearm into evidence.

We will first address McBride's challenge to the trial court's ruling that the Commonwealth properly established the *corpus delicti* of the crime charged. McBride claims that the Commonwealth failed to establish the *corpus delicti* of persons not to possess firearms before his statements regarding the firearm were admitted into evidence. Without the statements, McBride asserts that there was no evidence linking him to the firearm, other than the fact that it was found in his store.

"*Corpus delicti* means the body of the crime or the fact that a crime has been committed." **Commonwealth v. Meder**, 611 A.2d 213, 215 (Pa. Super. 1992) (citation omitted). The *corpus delicti* rule embodies the concept that the fact that a crime has been committed must be shown, by independent evidence, before an out-of-court confession or admission will be received. **See Commonwealth v. Taylor**, 831 A.2d 587, 590 (Pa. 2003). "[O]nly inculpatory statements of an accused are subject to the protection of the *corpus delicti* rule." **Commonwealth v. Verticelli**, 706 A.2d 820, 824 (Pa. 1998), *abrogated on other grounds*, **Commonwealth v. Taylor**, 831 A.2d 587 (Pa. 2003). A statement is inculpatory if it "specifically connects [the defendant] . . . to criminal activity." **Id**., at 824.

"The *corpus delicti* rule is an evidentiary one.  On a challenge to a trial court's evidentiary ruling, our standard of review is one of deference.  The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion."  ***Commonwealth v. Hernandez***, 39 A.3d 406, 411 (Pa. Super. 2012) (citation omitted).

Under Pennsylvania law, the *corpus delicti* rule is applied in two distinct phases.  The first phase concerns the trial judge's admission of the defendant's statements.  "In this first phase of the rule's application, the court must determine whether the Commonwealth has proven the *corpus delicti* of the crimes charged by a mere preponderance of the evidence.  If the court is satisfied that, on the evidence presented, it is more likely than not that a wrong has occurred through criminal agency, then the confession and/or admissions of the defendant are admissible."  ***Commonwealth v. Ahlborn***, 657 A.2d 518, 521 (Pa. Super. 1995).  This phase does not require the Commonwealth to establish any connections between the accused and the crime, but merely requires that the Commonwealth establish the fact that *someone* has committed the crime charged.  ***See Meder***, 611 A.2d at 216.  The second phase concerns the fact finder's consideration of the statements admitted into evidence.  "After the court has made its initial determination that the Commonwealth has proved the *corpus delicti* by a preponderance of the evidence and has ruled the confession to be admissible, the *corpus delicti* rule additionally requires that the

Commonwealth prove to the jury's satisfaction beyond a reasonable doubt, the *corpus delicti* of the crimes charged." **Ahlborn**, at 521 (citations omitted).

In the instant case, McBride confessed that he purchased the firearm from a man and stated to the agents, "You're going to find a firearm in the rear of the store in a closet. I want you guys to know that before you go in." N.T., Trial, 1/21/14, at 204-205 and 273. These statements are inculpatory. They specifically connect McBride to criminal activity since he was not permitted to possess a firearm. Thus, the *corpus delicti* rule is applicable. We now turn to McBride's arguments as to the application of the rule.

Under the first phase of the *corpus delicti* rule, in order to admit McBride's statements, the Commonwealth had to prove, by a preponderance of the evidence, that the crime of persons not to possess firearms was committed by someone. In order to prove the *corpus delicti* of persons not to possess firearms, the Commonwealth had to establish that someone prohibited from possessing, using, manufacturing, controlling, selling, or transferring a firearm under Section 6105, in fact, did so. Because the firearm was found in the rear of the store, and not on someone's person, the Commonwealth must show constructive possession.

"Constructive possession is a legal fiction, which is invoked when actual possession at the time of arrest cannot be shown, but there is a

strong inference of possession from the facts surrounding the case." ***Commonwealth v. Battle***, 883 A.2d 641, 644 (Pa. Super. 2005) (citations omitted). Constructive possession has been defined as "conscious dominion," which has subsequently been defined as "the power to control the contraband and the intent to exercise that control." ***Commonwealth v. Walker***, 874 A.2d 667, 678 (Pa. Super. 2005) (citation omitted). "[C]onstructive possession may be established by the totality of the circumstances." ***Id***. (citation omitted). "Additionally, it is possible for two people to have joint constructive possession of an item of contraband." ***Commonwealth v. Hopkins***, 67 A.3d 817, 820-821 (Pa. Super. 2013) (citation omitted).

Dominion and control are not established, however, by mere proximity to the contraband, mere presence on the property where it is located, or mere association with others who control the contraband. ***See Commonwealth v. Naguski***, 299 A.2d 39, 40-41 (Pa. Super. 1972). "It is well settled that facts giving rise to mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." ***Commonwealth v. Valette***, 613 A.2d 548, 551 (Pa. 1992) (citations omitted). "Pennsylvania courts have held that where another person has equal access to the area where illegal contraband or weapon is found, the defendant cannot be said to have either the power to control or the intent to control such contraband or weapon *per se*." ***Commonwealth v. Heidler***,

- 7 -

741 A.2d 213, 216 (Pa. Super. 1999) (en banc) (citing **Commonwealth v. Chenet**, 373 A.2d 1107 (Pa. 1977) (finding no constructive possession because the contraband was found in an area equally accessible to a third party); **Commonwealth v. Juliano**, 490 A.2d 891 (Pa. Super. 1985) (finding the evidence insufficient to conclude that appellant constructively possessed contraband when three other people had equal access to the area in which the contraband was found)). **See also Commonwealth v. Armstead**, 305 A.2d 1 (Pa. 1973) (finding that mere presence in an automobile in which a weapon is found is not sufficient to prove possession of that weapon where there were other passengers).

Here, outside of McBride's statements and the stipulated fact that McBride was a person not to possess, the only evidence that the Commonwealth presented during trial was that McBride owned the store where the firearm was found, possessed keys to the store, and presumably received mail there. **See** Trial Court Opinion, 10/22/14, at 10 and 13-15. This evidence alone does not make it more likely than not that McBride constructively possessed the firearm because the record makes clear that employees worked at the store and that McBride was not the only person with access to the store and the back area of the store where the firearm was found. **See** N.T., Trial, 1/21/14, at 105, 108, 114-115, 116, 237-238, 324.

For instance, the landlord of the premises, Angelo Mancuso, testified that he witnessed a "man with burns on his face" working at the store and that two different cars were regularly parked in front of the store, including McBride's and one belonging to Phil Lyle. **See id**., at 108 and 116. Agent Fisher also testified that he saw other people in and around the store. **See id**., at 194-196. Thus, because multiple people other than McBride had access and control over the store and the area where the firearm was found, it is not more likely than not that McBride possessed the firearm.

Moreover, the evidence presented does not make it more likely than not that someone else subject to the prohibitions of Section 6105 constructively possessed the firearm. If all of the employees at the store were persons subject to the prohibitions of Section 6105, it may be reasonable to conclude that a firearm found in the store makes it more likely than not that the crime of persons not to possess firearms was committed. However, no evidence was presented showing that this was the case.

Therefore, we conclude that the Commonwealth failed to meet its burden under the first phase of the *corpus delicti* test to prove by a preponderance of the evidence that the crime of persons not to possess

firearms was committed. Consequently, we hold that the trial court abused its discretion by admitting McBride's statements into evidence.[6]

McBride next challenges the sufficiency of the evidence. Because we have already concluded that McBride's statements were improperly admitted and that the remaining circumstantial evidence was insufficient to conclude that McBride constructively possessed the firearm at issue, we need not conduct a further sufficiency of the evidence analysis. After all, the Commonwealth was unable to establish constructive possession by a preponderance of the evidence; let alone by beyond a reasonable doubt.

In summary, we find that the Commonwealth has failed to prove McBride possessed the handgun. Accordingly, we reverse the judgment of sentence.[7]

Judgment of sentence reversed. Defendant discharged. Jurisdiction relinquished.

---

[6] The closely related crime exception to the *corpus delicti* rule is inapplicable in this case because McBride's unlawful possession of a firearm charge is not sufficiently closely related to his tax fraud charges. **See Verticelli**, 706 A.2d at 447-448.

[7] Our disposition renders McBride's challenge to the weight of the evidence moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015