J-S94040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FLOYD SMITH, JR. | |
| Appellant | No. 950 MDA 2016 |

Appeal from the Judgment of Sentence May 25, 2016
in the Court of Common Pleas of Lycoming County Criminal Division
at No(s): CP-41-CR-0001030-2015

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                   **FILED MARCH 03, 2017**

Appellant, Floyd Smith, Jr., appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas following his convictions for two counts of driving under the influence of alcohol ("DUI")[1] and two counts of endangering the welfare of children.[2]  He contends that the trial court improperly admitted his inculpatory statements because the Commonwealth did not establish the *corpus delicti* of DUI.  We affirm.

We glean the relevant facts from the trial court opinion and the certified record.  On February 8, 2015, Trooper Tyler Morse and Trooper Adam Kirk received a report about an individual possibly driving while intoxicated.  N.T., 3/10/16, at 45.  The person was described as a black

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), (b).

[2] 18 Pa.C.S. § 4304(a)(1).

male driving a silver car with two minor children in the car. *Id.* Appellant's name was provided in the report, and Trooper Kirk knew Appellant and the location of his home. *Id.* at 58. The troopers proceeded to Appellant's home and arrived at 11:11 pm, approximately eleven minutes after receiving the call about the intoxicated driver. *Id.* at 45.

Outside the house, the troopers encountered Appellant standing outside his silver vehicle within arms-length of the driver's side door. *Id.* at 58-60. Appellant's two minor daughters were also standing next to the car. *Id.* Trooper Morse detected a moderate odor of alcohol emanating from Appellant and saw that he had bloodshot, glassy eyes. *Id.* at 45. The trooper also noticed that Appellant kept dropping his keys and it took him four times to retrieve his driver's license. *Id.* Suspecting that Appellant was under the influence of alcohol, Trooper Morse conducted several field sobriety tests with Appellant. *Id.* at 46-49. Appellant was not able to successfully complete the tests. *Id.* As a result, Appellant was arrested and transported to Williamsport Hospital. *Id.* at 49. Once there, Appellant consented to a blood draw and his blood alcohol content ("BAC") was found to be at .15. *Id.* At the hospital, Appellant admitted to Trooper Morse that he had consumed six Budweiser 16 oz. beer cans prior to driving. *Id.* at 50-51.

A jury trial was conducted on March 10, 2016, at which both troopers testified. Both troopers conceded that they had not felt the vehicle to see if

it was warm, or heard any noise coming from the car "as if it were cooling down." *Id.* at 44, 63. However, Trooper Kirk did state that Appellant appeared to be "locking the vehicle up" when they confronted him at his home. *Id.* at 64. After the jury found Appellant guilty of the above referenced charges, the trial court sentenced him to an aggregate term of forty days to eighteen months' incarceration on May 25, 2016. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the trial court filed a responsive opinion.

Appellant raises the following issue for our review:

> Whether the trial court abused its discretion when it admitted Appellant's admission to driving under the influence as a result of the Commonwealth's failure to prove, by a preponderance of the evidence, the *corpus delicti* of DUI?

Appellant's Brief at 4.

Appellant argues that the trial court erred by admitting testimony regarding his confession to DUI with his two children in the car. Specifically, Appellant claims that because the trooper's did not see Appellant driving or indicate Appellant's car was recently driven, the Commonwealth could not prove, even by a preponderance of the evidence, that Appellant was operating the car at issue. *Id.* at 10. Therefore, Appellant avers, the Commonwealth failed to present sufficient evidence to establish the *corpus delicti* of DUI. *Id.* at 17-18.

In furtherance of his argument, Appellant cites to several cases, including **Commonwealth v. Kasunic**, 620 A.2d 525 (Pa. Super. 1993) and **Commonwealth v. Verticelli**, 706 A.2d 820 (Pa. Super 1998). In **Kasunic**, this Court concluded that ample evidence established the *corpus delicti* of DUI where the defendant was found lying on the side of a roadway, next to his pick-up truck, while highly intoxicated with no one else around. **Id.** at 526. Appellant attempts to distinguish **Kasunic** from the instant case by pointing out that, there, the defendant's vehicle was found running with the door open. Appellant's Brief at 9-10. Conversely, in **Verticelli**, this Court concluded that the *corpus delicti* of DUI had not been established where the defendant was not found at the site of the motorcycle accident at issue, but was instead discovered by police officers intoxicated at his home.[3] **Id.** at 822. Appellant likens his case to that of **Verticelli** because, here, Appellant also was not directly observed driving the vehicle at issue. Appellant's Brief at 14-15. No relief is due.

As a prefatory matter, we note our standard of review:

> [t]he *corpus delicti* rule is an evidentiary one. On a challenge to a trial court's evidentiary ruling, our standard of review is one of deference.
>
> The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court

---

[3] We note that in **Verticelli** the defendant's confession was ultimately deemed admissible under the "closely-related crimes" exception to the *corpus delicti* rule. **Id**. at 826.

has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Hernandez***, 39 A.3d 406, 411 (Pa. Super. 2012) (citations omitted).

Our review of a *corpus delicti* challenge is guided by the following legal precepts:

[The *corpus delicti*] rule prohibits the introduction of statements made by a defendant before independent evidence establishing the crime is introduced. The *corpus delicti* is established upon evidence of (1) the occurrence of the specific kind of injury or loss; and (2) someone's criminality as the source of loss. If the independent evidence points to an unlawful act, the Commonwealth need not affirmatively exclude the possibility of an accident in order to establish the *corpus delicti*. . . . , the injury or loss need not be tangible. **Rather, in order to establish the *corpus delicti* of the crime of driving while intoxicated, the Commonwealth need only show that someone operated a motor vehicle while under the influence of alcohol.**

***Kasunic***, 620 A.2d at 529 (citations omitted) (emphasis added).

It is axiomatic that "[t]he historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed." ***Verticelli***, 706 A.2d at 823 (citation omitted). Further, "[t]he criminal responsibility of the accused for the loss or injury is not a component of the rule." ***Id.*** at 822-23 (citation omitted)*.* "The *corpus*

*delicti* may be established by circumstantial evidence." ***Id.*** at 823 (citation omitted). Further, we note:

> Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's admission of the accused's statements and the second step concerns the fact finder's consideration of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

***Commonwealth v. Young***, 904 A.2d 947, 956 (Pa. Super. 2006) (citation omitted).

In the case *sub judice*, it is significant that Appellant was discovered in close proximity to the silver car in question, seemingly in the process of locking-up the vehicle, while in an intoxicated state. Further, Appellant's two daughters were standing next to the car. Moreover, the troopers encountered Appellant only eleven minutes after receiving a call regarding an intoxicated driver, in a silver car, with two children in the car.

Contrary to Appellant's assertions, we conclude that the instant facts are not readily distinguishable from those in ***Kasunic***. Although the car, in that case, was found running while here, Appellant's car was not, in both the instant case and ***Kasunic***, the accused was found intoxicated and in close proximity to the vehicle in question. ***See Kasunic***, 620 A.2d at 526. Furthermore, Appellant fails to acknowledge that unlike the driver in ***Verticelli***, who was not found with his vehicle but at his home, Appellant

here was discovered close in time, both physically and temporally, to the vehicle and to the report that he was driving. **See Verticelli**, 706 A.2d at 823.

Thus, we conclude that the trial court had ample evidence upon which to find that the facts presented were more consistent with an unlawful act then with a mistake and were therefore sufficient to establish the *corpus delicti* of DUI. **See Kasunic**, 620 A.2d at 529; **Verticelli**, 706 A.2d at 823; **Hernandez**, 39 A.3d at 411. Accordingly, Appellant's lone issue on appeal lacks merit and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2017