J-S27034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDRES RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 50 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005086-2018

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: FEBRUARY 27, 2024**

Andres Rodriguez ("Rodriguez") appeals from the judgment of sentence imposed after the trial court convicted him of driving under the influence ("DUI"),[1] driving while operating privilege is suspended, and careless driving.[2] We affirm.

In August 2018, West Reading Police Officer Brandon Breitenstein ("Officer Breitenstein) was dispatched to the scene of a one-vehicle accident. *See* N.T., 8/16/22, at 4, 10, 18. At the scene, Officer Breitenstein observed a white Lincoln SUV had crossed from the westbound lane to the eastbound

_____

[1] The Commonwealth charge Rodriguez with five counts of DUI, *see* 75 Pa.C.S.A. §§ 3802(a)(1), (b), (d)(1)(i), (d)(1)(iii), and (d)(2). The trial court convicted Rodriguez on all counts but sentenced him only on count three, pursuant to 75 Pa.C.S.A. § 3802(d)(1)(i).

[2] *See* 75 Pa.C.S.A. §§ 1543(a) and 3714(a).

lane, jumped the curb and struck a wall and a light pole. *See id*. at 4-5. The vehicle sustained extensive damage to the driver's side, the airbags had deployed, and the driver's side windows were smashed. *See id*. at 5.

Rodriguez was standing next to the car,[3] and had a cut over his right eye, consistent with hitting the car's window. *See id*. at 6. Officer Breitenstein observed Rodriguez appeared intoxicated, he had "bloodshot glassy eyes and slurred speech. He was staggering as he walked, nearly falling over." *Id*. at 10. Rodriguez explained he had been drinking at a bar with family members, and he "crashed." *Id*. at 6-8. Rodriguez was not from the area and was unable to give any information about the location or name of the bar, except that it was in the City of Reading. *See id*. at 6-8. An ambulance took Rodriguez to the hospital. *See id*. at 11, 20-21.

At the hospital, Officer Breitenstein read the Pennsylvania Department of Transportation DL-26 chemical test warnings form to Rodriguez, who consented to a blood test. *See id*. at 11-12. Rodriguez told Officer Breitenstein he had imbibed too much alcohol and smoked marijuana. *See id*. at 15-16. Blood testing showed Rodriguez had a blood alcohol concentration ("BAC") of .121% and the presence of marijuana and its metabolite. *See* Commonwealth's Exhibit Nos. 2 and 3. At the time of the

---

[3] Rodriguez was not the registered owner of the car. *See* N.T., 8/16/22, at 20.

accident, Rodriguez's driver's license was suspended. *See* Commonwealth's Exhibit No. 5.

Following a bench trial, the trial court convicted Rodriguez of the above offenses. The court sentenced Rodriguez to seventy-two hours to six months in county jail. Rodriguez filed a post-sentence motion, which the trial court denied. The instant, timely appeal followed.[4]

On appeal, Rodriguez raises three issues for our review:

1. Did the court err when it admitted Rodriguez's extrajudicial statement when the *corpus delicti* of [DUI], driving while operating privileges are suspended, and careless driving, had not been proven by a preponderance of the evidence or when it considered [Rodriguez's] extrajudicial statement when the *corpus delicti* of [DUI], driving while operating privileges were suspended or revoked, and careless driving had not been proven beyond a reasonable doubt?

2. Did the Commonwealth present sufficient evidence to establish the verdicts for [DUI], driving while operating privileges were suspended or revoked, and careless driving when there was no evidence presented to show that [Rodriguez] was driving?

3. Were the verdicts for [DUI], driving while operating privileges are suspended, and careless driving, against the weight of the evidence?

Rodriguez's Brief at 8-9 (numeration added, paragraph formatting altered).

In his first issue, Rodriguez argues the Commonwealth failed to establish the *corpus delicti* for DUI, driving while operating privilege is suspended, and careless driving. *See* Rodriguez's Brief at 17-26.

---

[4] Rodriguez and the trial court complied with Pa.R.A.P. 1925.

Our standard of review for a challenge pursuant to the *corpus delicti* rule is well-settled.

> The *corpus delicti* rule is designed to guard against the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed. The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has [] occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred [because] of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. . . . The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's admission of the accused's statements[,] and the second step concerns the fact finder's consideration of those statements. [F]or the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. [F]or the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

***Commonwealth v. Hernandez***, 39 A.3d 406, 410–11 (Pa. Super. 2012) (quotation marks and citation omitted; emphases omitted).

"Before introducing an extra-judicial admission, the Commonwealth is not required to prove the existence of a crime beyond a reasonable doubt. Rather, it is enough for the Commonwealth to prove that the injury or loss is more consistent with a crime having been committed than not." ***Commonwealth v. Zugay***, 745 A.2d 639, 652 (Pa. Super. 2000) (citations omitted). Moreover,

the Commonwealth need not affirmatively exclude the possibility of an accident [] to establish the *corpus delicti*. . . . [T]he injury or loss need not be tangible. Rather, [] to establish the *corpus delicti* of the crime of driving while intoxicated, the Commonwealth need only show that someone operated a motor vehicle while under the influence of alcohol.

***Commonwealth v. Kasunic***, 620 A.2d 525, 529 (Pa. Super. 1993) (citations omitted).

In addition, an exception to the rule of *corpus delicti* exists, which is commonly referred to as the "closely related crimes exception." Pursuant to this exception, inculpatory statements may be admissible as to all crimes charged even though the Commonwealth's independent evidence is able to establish the *corpus delicti* of only one. For the exception to apply, the relationship between the crimes charged must be sufficiently close [to] ensure that the purpose underlying the *corpus delicti* rule is not violated.

The purpose behind the *corpus delicti* rule is the ultimate consideration in determining whether two crimes are closely related [to] implicate the exception. Where the relationship between the crimes to which the defendant has confessed is close and the policy underlying the *corpus delicti* rule—to avoid convictions for crimes that did not occur—is not violated, the exception renders the confession admissible for all closely related crimes.

Thus, where the Commonwealth establishes the *corpus delicti* of one crime, an appellant's inculpatory statements may be admissible as evidence for all crimes which are closely related. Whether the crimes are sufficiently close to justify invoking the exception must be determined on a case[-]by[-]case basis.

***Commonwealth v. Herb***, 852 A.2d 356, 363-64 (Pa. Super. 2004) (citations and emphasis omitted). With respect to the determination of whether the crimes are closely related, the fact the offenses may be different grades is inconsequential. ***See Commonwealth v. Verticelli***, 706 A.2d 820, 825-26

(Pa. 1998), *abrogated on other grounds by Commonwealth v. Taylor*, 831 A.2d 587, 595-96 (Pa. 2003).

Rodriguez contends the Commonwealth failed to establish the crimes occurred before Rodriguez admitted he crashed. *See id*. at 22. Rodriguez maintains while the Commonwealth established a crash occurred, it did not show Rodriguez was driving, or under the influence of drugs or alcohol. *See id*. at 23-24.

The trial court rejected Rodriguez's *corpus delicti* argument, finding it properly admitted Rodriguez's statements "based upon a totality of the circumstances. Trial Court Opinion, 4/4/23, at 6. We agree.

Here, the record showed Officer Breitenstein was dispatched, at 2:30 in the morning, to the scene of a single-car accident. *See* N.T., 8/16/22, at 4, 10, 18. Officer Breitenstein observed the vehicle had crossed from the westbound lane to the eastbound lane, jumped the curb, and struck a wall and a pole. *See id*. at 4-5. The car had extensive damage to the driver's side. *See id*. at 5. Rodriguez was standing next to the car, his eyes were glassy and bloodshot, his speech slurred, and he staggered as he walked.[5]

---

[5] The Commonwealth introduced Rodriguez's statement that he "crashed" before it elicited Officer Breitenstein's testimony about the visible signs of intoxication. However, this Court has held the fact an "appellant's admissions were introduced before the *corpus delicti* was completely satisfied is immaterial, as the Commonwealth ultimately fulfilled that burden." *Commonwealth v. Friend*, 717 A.2d 568, 572 (Pa. Super. 1998) (citation omitted).

*See id*. at 6-8, 10.  Rodriguez had a cut over his right eye consistent with the damage to the car.  *See id*.  Officer Breitenstein testified he did not encounter anyone else at the scene who was involved in the accident and his examination of the passenger side of the car did not suggest a passenger had been in the vehicle.  *See id*.  At the time of the accident, Rodriguez's license was suspended; laboratory testing revealed a BAC of .121%, and the presence of marijuana and its metabolite.  *See* Commonwealth's Exhibits Nos. 2, 3, and 5.

Based on our review, we discern no abuse of discretion by the trial court in rejecting Rodriguez's *corpus delicti* claim.  The circumstantial evidence presented by the Commonwealth was sufficient to demonstrate, by a preponderance of the evidence, the offense of DUI had occurred, where Officer Breitenstein testified as to his observations of: (1) a visibly and significantly intoxicated person, (2) with injuries, (3) who was found, in the middle of the night, next to a vehicle that had crashed into a wall and pole.  Further, the circumstantial evidence presented by the Commonwealth, as well as all reasonable inferences derived therefrom, was sufficient to demonstrate, beyond a reasonable doubt, that the offenses of DUI and careless driving had been committed.  *See Commonwealth v. Young*, 904 A.2d 947, 956-57 (Pa. Super. 2006) (holding Commonwealth established the *corpus delicti* for careless driving beyond a reasonable doubt, where evidence showed the intoxicated defendant was standing next to a crashed vehicle, with the keys

in his pocket); ***Friend***, 717 A.2d at 570-72 (holding the Commonwealth satisfied the *corpus delicti* for DUI where the evidence showed there was a one-car accident in the middle of the night; the skid marks showed the car crossed lanes and crashed into a guardrail; the defendant was the only person on the scene who had been involved in the accident; the defendant was injured; he was the owner of the car; and he displayed visible signs of intoxication); ***see also Kasunic***, 620 A.2d at 529 (rejecting defendant's *corpus delicti* claim in a DUI case where the police officer testified he found the defendant lying next to his crashed truck, on a freezing night, no one else was present, and the defendant appeared intoxicated).

Further, we conclude the DUI offenses share a sufficiently close relationship with the offense of driving while operating privilege is suspended. The offenses were all part of one continuing incident. ***See Taylor***, 831 A.2d at 596 (concluding crimes shared sufficiently close relationship because "there was one continuing incident occurring at roughly the same time, and the victim of each crime . . . was the same"); ***Herb***, 852 A.2d at 364-65 ("the summary offenses of double-parking . . . and driving on a DUI-related license suspension . . . are sufficiently close under the facts as they exist in this case to implicate the 'closely related crimes exception' to the *corpus delicti* rule."). Rodriguez's statements "and [the] independent evidence presented by the Commonwealth are sufficient to overcome the danger of a conviction where no crime was in

fact committed." ***Taylor***, 831 A.2d at 596. Rodriguez's first issue does not merit relief.

In his second issue, Rodriguez contends the evidence was insufficient to sustain his convictions for DUI, driving with a suspended license, and careless driving. ***See*** Rodriguez's Brief at 26-29.

Because evidentiary sufficiency is a question of law, the standard of review is *de novo*, and the scope of review is plenary. ***See Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013). When considering a challenge to the sufficiency of the evidence:

> [W]e evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. ***See Commonwealth v. Orr***, 38 A.3d 868, 873 (Pa. Super. 2011) (*en banc*).

75 Pa.C.S.A. § 3802 provides in relevant part:

**(a) General impairment**.--

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

＊ ＊ ＊ ＊

**(b) High rate of alcohol**.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

＊ ＊ ＊ ＊

**(d) Controlled substances**.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1)    There is in the individual's blood any amount of a:

(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act;

＊ ＊ ＊ ＊

(iii) metabolite of a substance under subparagraph (i) or (ii).

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. §§ 3802(a)(1), (b), (d)(1)(i), (d)(1)(iii), (d)(2) (footnote omitted). A person is guilty of driving while operating privileges are suspended or revoked if he, "drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored[.]" 75 Pa.C.S.A. § 1543(a). A person is guilty of careless driving if he "drives a vehicle in careless disregard for the safety of persons or property." 75 Pa.C.S.A. § 3714(a). Careless disregard "implies less than willful or wanton conduct but more than ordinary negligence or the mere absence of care under the circumstances." *Commonwealth v. Ford*, 141 A.3d 547, 556 (Pa. Super. 2016) (citation omitted).

Here, Rodriguez's challenge to the sufficiency of the evidence is based on his rejected claim the Commonwealth did not satisfy the *corpus delicti* requirement. Rodriguez argues, because of this, the trial court should not have considered Rodriguez's statements he had been drinking too much, had smoked marijuana, and had crashed the car. However, as discussed above, Rodriguez's *corpus delicti* claim lacks merit. Moreover, we note Rodriguez stipulated to the results of his blood test and did not contest his license was

- 11 -

suspended at the time of the incident. **See** Commonwealth Exhibits Nos. 4 and 5.

Moreover, the evidence delineated above, in combination with the blood tests results, Rodriguez's certified driver history, and his statements at the scene and at the hospital, are more than sufficient to sustain his DUI, driving with a suspended license, and careless driving convictions. Rodriguez's argument to the contrary disregards our standard of review by viewing the evidence in the light most favorable to himself. **See Franklin**, 69 A.3d 722. Rodriguez's argument is speculative, and he asks us to substitute our findings of fact for that of the trial court, which is again contrary to our standard of review. **See id**. at 722-23; **Orr**, 38 A.3d at 873. The finder of fact could reasonably infer from the testimony and documentary evidence that Rodriguez drove carelessly, while under suspension, and after drinking alcohol and smoking marijuana, causing him to crash his car. Rodriguez's second issue does not merit relief.

In his third issue, Rodriguez challenges the weight of the evidence. Rodriguez's Brief at 29-31.

Our standard of review for a weight of the evidence claim is well-settled.

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

* * * *

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

\* \* \* \*

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Mucci*, 143 A.3d 399, 410-11 (Pa. Super. 2016) (quotation marks and citations omitted). To prevail on a weight of the evidence challenge, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the trial court. *See Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003).

Rodriguez claims the verdict shocks the conscience because there was no direct evidence he was driving, and the only evidence presented at trial was that he was injured and went to the hospital. *See id*. at 31. He further contends his statements at the scene were unreliable because of his head injury[6] and his intoxication. *See id*.

_____

[6] The only testimony with respect to Rodriguez's injury was that he had a cut over his right eye, which was repaired at the hospital. N.T., 8/16/22, at 6,
*(Footnote Continued Next Page)*

The trial court considered Rodriguez's weight claim and determined it lacked merit. *See* Trial Court Opinion, 4/4/23, at 7-8. We discern no abuse of discretion by the trial court in reaching its determination the verdict did not shock its conscience. The Commonwealth presented direct and circumstantial evidence that Rodriguez had been drinking, drove his car while his license was suspended, and crashed it. That the trial court, siting as finder of fact, chose to believe the testimony provided by Officer Breitenstein was entirely within its province. Rodriguez essentially requests we re-weigh the evidence and assess the credibility of the witnesses presented at trial. This we cannot do, as it is a task that is beyond our scope of review. The trial court, as finder of fact, had the duty to determine the credibility of the witnesses and evidence presented at trial. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact"). Although Rodriguez challenged Officer Breitenstein's testimony regarding the incident, he did not present independent exculpatory evidence that would contradict the verdict, nor did he so undermine the Commonwealth's evidence as to render it completely unbelievable. Ultimately, the trial court found the direct and circumstantial evidence demonstrated Rodriguez drove the car while intoxicated.

---

11, 20. Rodriguez does not point to any medical or testimonial evidence that he suffered a head injury which would have rendered his statements unreliable. *See* Rodriguez's Brief at 31.

Accordingly, we decline to disturb the trial court's rejection of Rodriguez's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024