J-A23005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC TABORRELLI | : | |
| | : | |
| Appellant | : | No. 2923 EDA 2016 |

Appeal from the Judgment of Sentence August 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001613-2015

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 01, 2017**

The trial court, sitting without a jury, convicted Appellant Dominic Taborrelli[1] on charges that he unlawfully possessed oxycodone, a controlled substance, and that he had sold oxycodone to a confidential informant. On appeal, Taborrelli argues the evidence presented at trial was insufficient to sustain his convictions. After careful review, we affirm the judgment of sentence.

---

\* Former Justice specially assigned to the Superior Court.

[1] Trial transcripts suggest Appellant's true name is Dominic Taraborrelli. **See** N.T., bench trial, 6/21/16, at 4. For the sake of consistency, we will utilize the name as it was presented in the caption of his notice of appeal.

From our review of the transcripts, the following facts are undisputed. On two relevant occasions,[2] Philadelphia police arranged to have a confidential informant ("CI") purchase controlled substances from Taborrelli. An undercover officer gave the CI $20 in pre-recorded currency and observed from a distance as the CI approached Taborrelli's residence. The officer watched as the CI handed money to Taborrelli, who then disappeared into his home for a short time. Taborrelli returned and handed "objects" to the CI.

The CI then walked directly back to the observing officer. He produced four tablets of Endocet 5mg. Endocet is the generic equivalent of Percocet, and comes in two formulations relevant to this case. Both formulations contain 325 mg of ibuprofen; the distinction lies in the amount of the controlled substance oxycodone in the formulation. For pills marked "Endo 602," the amount of oxycodone is 5mg. For pills marked "E 712," the amount is 10mg.

After completing both purchases, the police arranged to have Taborrelli's residence searched. While approaching the residence, officers observed Taborrelli driving away and arranged to have him stopped. In the search incident to arrest, they found two pill bottles on Taborrelli.

_____

[2] On a third occasion, it is undisputed the CI did not purchase anything from Taborrelli.

The first bottle was labeled "Alprazolam," the generic name for Xanax. Inside the bottle officers found twelve pills marked E 712 and two Xanax pills. The E 712 pills tested positive for oxycodone.

The second bottle was labeled "OxyContin, 80mg." OxyContin is the brand name for oxycodone pills. Inside this bottle officers found fifteen pills marked "Endo 602," which later tested positive for oxycodone. The bottle contained no OxyContin pills.

Taborrelli testified in his defense. He stated he knew the CI personally, as the CI had previously borrowed money from him. Taborrelli claimed he had seen the CI with Percocet and Endocet before.

He also testified, in contradiction to the Commonwealth's evidence, the CI had not bought anything from him during the controlled buy operations. Instead, he claimed the CI offered to make payments on his debt, but wanted change from the $50 bill he tendered as payment. The "objects" the officer observed being passed from Taborrelli to the CI were merely the change Taborrelli gave the CI. Furthermore, Taborrelli presented evidence that he had valid prescriptions for Endocet 5mg, OxyContin 80mg, and alprazolam 1mg.

The trial court found Taborrelli guilty only of unlawful possession of twelve pills of Endocet 10mg and delivery of the 8 pills of Endocet recovered from the CI. The court found that Taborrelli had a valid prescription for OxyContin and alprazolam.

On appeal, Taborrelli makes two separate claims regarding the sufficiency of the evidence. First, he argues the evidence does not support a finding that he unlawfully possessed Endocet pills.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

Evidence is sufficient to support a conviction for possession of a controlled substance if the Commonwealth shows the defendant, "knowingly or intentionally possessed a controlled or counterfeit substance … unless the substance was obtained … pursuant to [] a valid prescription order[.]" 35 P.S. § 780-113(a)(16). Here, the trial court found that Taborrelli did not have a valid prescription for the "twelve 'E712' Percocet pills" found in Taborrelli's possession.

Taborrelli argues this finding is unsupported by the record. Specifically, he contends the record establishes he had a valid prescription. However, we conclude the trial court accurately described the state of the record.

The arguments at trial and testimony reveal some confusion between Percocet, a brand name medication, and its generic equivalent, Endocet, as well as the dosage amounts of the various pills at issue. However, the trial court accurately focused on the strongest evidence of Taborrelli's guilt: his possession of twelve tablets of 10mg Endocet while only having a prescription for 5mg Endocet. Taborrelli does not dispute the 10mg tablets were found on him. Nor does he point to any evidence capable of supporting an inference he had a valid prescription for the 10mg tablets. As such, we conclude the trial court's finding is amply supported by the record, and Taborrelli is due no relief on this claim.

In his second issue, Taborrelli contends that the evidence at trial was insufficient to support a conviction for possession with intent to deliver

("PWID"). To sustain a conviction for PWID, the Commonwealth must prove the Appellant possessed the controlled substance, and that he intended to deliver the controlled substance. *See* 35 P.S. § 780-113(a)(30); *see also Commonwealth v. Bostick*, 958 A.2d 543, 560 (Pa. Super. 2008).

> The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. Factors which may be relevant in establishing that drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

*Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (citations omitted).

Taborrelli correctly argues the undercover officer did not identify the "objects" he observed Taborrelli passing the CI. He further highlights his own testimony that the CI was repaying a loan, had been known to possess Endocet in the past, and the officer's failure to thoroughly search the CI prior to the controlled buys.

However, when reviewing the record by taking all reasonable inferences in favor of the verdict winner, as we must, we conclude the evidence presented by the Commonwealth was sufficient to support the conviction for PWID. The officer testified he searched the CI prior to handing him $20. *See* N.T., Bench Trial, 6/21/16, at 16. He then watched from a distance as the CI walked up to Taborrelli's home, exchange money for "objects" and return to the officer without interruption. *Id*., at 15-16. The CI then handed the officer 4 tablets of Endocet 5mg. *See id*., at 16-17. This

process was repeated on a second controlled buy several days later. *See id*., at 17-18.

It is true, as the trial court acknowledged, that it found Taborelli had a valid prescription for Endocet 5mg. However, Taborrelli does not argue that the Commonwealth failed to prove he wasn't licensed to sell these tablets. Indeed, licensure is treated as a form of affirmative defense, as the Commonwealth is not required to prove non-licensure "unless the defendant comes forward with some evidence of licensure or other authorization." *Commonwealth v. Daniels*, 422 A.2d 196, 199 n.2 (Pa. Super. 1980).

Thus, while Taborrelli was entitled to lawfully possess Endocet 5mg, the record clearly supports the court's finding that he was not entitled to sell it to the CI. Taborrelli's second and final issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017

- 7 -