J-S40033-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CRAIG ANTONIO HOWARD | : | |
| | : | |
| Appellant | : | No. 156 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 10, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002133-2016

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: FILED AUGUST 16, 2019

Craig Antonio Howard (Howard) appeals from the judgment of sentence entered in the Court of Common Pleas of Fayette County (trial court) following his convictions by a jury of possession of a firearm prohibited and possession of a controlled substance.[1] Howard contends that there was insufficient evidence of those crimes before the jury to convict him, and that the trial court erred in admitting into evidence recorded telephone calls between Howard and his girlfriend about the purchase of a firearm. We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Howard was convicted pursuant to 18 Pa.C.S. § 6105(a)(1) (unlawful possession of a firearm), and 35 Pa.C.S. § 780-113(a)(16) (unlawful possession of a controlled substance). At sentencing, the trial court imposed an aggregate prison term of 48 to 96 months as to those two counts.

The summary of facts below is taken from the trial court's opinion:

On 17 September, Alice Clark was residing in a camper with her boyfriend, [Howard], in Ronco, Fayette County, Pennsylvania. On that date, she and [Howard] were doing crack, he was holding his gun, and the gun went off striking her in her leg. She was treated at the hospital and gave a voluntary statement to the police [recounting the above facts] but did not want assault charges filed against [Howard] because she believed the shooting was an accident. The gun was in the trunk of her vehicle and it was turned over to police. She further testified that [Howard] wanted her to take responsibility for the gun because she would only get a fine.

[Howard] initially denied shooting his girlfriend but then admitted shooting her and then provided the officers with a written confession. A stipulation was entered by the parties that [Howard] was a member of a class of persons who are unable to possess a firearm. [Howard] was taken into custody and three Vicodin, a Schedule II controlled substance, tablets were located in his pants pocket.

When [Howard] testified [at trial,] he denied possessing any gun. He testified that he was trying to get his girlfriend to stop smoking crack, she got crazy and began swinging a bag with the gun in it. He stated that the gun, while in the bag, went off and shot her but he never possessed the gun. The Commonwealth presented tape recordings of telephone conversations between [Howard] and his girlfriend [while he was incarcerated, including] . . . a conversation that was made between [Howard] and his girlfriend regarding the purchase of a gun.

Trial Court Opinion, 3/27/2019, at 1-2 (internal citations omitted).

After the trial court entered the judgment of sentence, Howard timely appealed raising three issues.[2]

_____

[2] Both Howard and the trial court complied with Pa.R.A.P. 1925.

I.

First, Howard contends that the trial court abused its discretion by permitting the Commonwealth to play for the jury taped prison telephone recordings between Howard and his girlfriend regarding Howard's purchase of a gun. Despite arguing in his brief that those recordings were inadmissible hearsay,[3] Howard did not object on that basis at trial, and as a result this issue, is not a preserved for appeal. See Pa.R.A.P. 302(a) (party must make a timely and specific objection at trial in order to preserve an issue for appellate review); Commonwealth v. Baumhammers, 960 A.2d 59, 73 (Pa. 2008) (explaining that issues are waived if not preserved at trial by a contemporaneous objection).

Not only was this issue not raised below, Howard did not adequately present this evidentiary claim for appellate review. He failed to identify the specific statements he objects to and how they were prejudicial, and the certified record does not even contain a transcript of the subject recordings. Because the issue was not preserved below and, even if it was, not adequately preserved for our review, this claim is without merit.[4]

_____

[3] See Pa.R.E. 801(c) (defining hearsay as an out-of-court statement offered to prove the truth of the matter asserted).

[4] Additionally, to the extent Howard contends his own statements were hearsay, they would be admissible under the "party admission" exception to the hearsay rule. See Pa.R.E. 803(25)(a) (making hearsay admissible if

II.

Howard next contends that the Commonwealth failed to present sufficient evidence that he possessed a firearm when he was not permitted to do so.[5]  The offense is defined as:  "A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth,

_____

statement is offered against an opposing party who himself made the statement).

[5] The applicable standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence.  Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.  Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

Commonwealth v. Franklin, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted).

regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1).

The Commonwealth presented the testimony of Howard's girlfriend, who identified him as the person who shot her in the leg. The jury also heard a recording of the couple discussing a gun's purchase not long after Howard's arrest. Howard admitted at trial that he made the statements in the recording and he gave police a written admission that he shot his girlfriend. He also stipulated that he is a member of a class of persons who cannot possess a firearm in the Commonwealth. If accepted by the jury, the above facts establish all of the elements outlined in 18 Pa.C.S. § 6105(a)(1). Thus, Howard's sufficiency ground as to this offense has no merit.

III.

Finally, Howard claims that the Commonwealth failed to present sufficient evidence that he possessed a controlled substance without authorization. This crime is defined in pertinent part as:

> Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act . . ., unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 Pa.C.S. § 780-113(a)(16) (emphasis added).

The jury in this case heard evidence that police found three pills in Howard's pocket. An officer identified the pills as Vicodin, a controlled substance. Howard does not dispute that he possessed three pills of Vicodin. He instead argues only that the Commonwealth did not offer any proof that he did not have a prescription. See Appellant's Brief, at 14.

Although the Commonwealth presented no evidence regarding Howard's lack of a prescription for Vicodin, it was Howard who carried the initial burden of production that he had a prescription. See Commonwealth v. Sojourner, 408 A.2d 1108, 1113 (Pa. Super. 1979) (explaining that in controlled substance prosecutions, the defendant bears the initial burden of production as to his authorization before the Commonwealth has the burden of proving a lack of authorization beyond a reasonable doubt). "[B]efore the prosecution must disprove the accused was authorized to possess narcotics . . ., the accused must establish some credible evidence of such authorization." Commonwealth. v. James, 46 A.3d 776, 780 (Pa. Super. 2012) (citing Sojourner, 408 A.2d at 1113); see also Commonwealth v Daniels, 422 A.2d 196, 198 (Pa. Super. 1980) (holding that Commonwealth may carry its burden in a controlled substance prosecution by proving actual or constructive possession alone).

Howard did not present any evidence at trial that he had a prescription for Vicodin. As a result, the burden of proof as to that element did not shift to the Commonwealth. Based on his undisputed possession of the controlled

substance, the jury could conclude that Howard committed the offense. Thus, Howard's convictions must stand.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2019